[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10473
Non-Argument Calendar

_____

D.C. Docket No. 8:89-cr-00004-EAK-2


UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

JEFFREY EUGENE LEE,
a.k.a. Jed,

                                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2013)

Before CARNES, Chief Judge, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

        Robert Earl Lee, proceeding pro se, appeals from the district court's denial

of his motion for release of a vessel or property.  Lee, who is serving a life

sentence, sought his release from prison under Rule (E)(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Local Admiralty Rule 7.05(i)(2).  Lee also appeals the denial of his motion for findings of fact and conclusions of law on his admiralty motion for release.  He contends that:  (1) the district court was required under Federal Rule of Civil Procedure 52(a) to make findings of fact and conclusions of law; (2) the court was required under Federal Rule of Civil Procedure 7(b) to consider his reply to the government's response in opposition to his motion, and the court violated his due process rights by ruling before he filed his reply; (3)  the court abused its discretion by not granting him summary judgment because he had presented evidence supported by fact and law and the government had failed to do so; and (4) the court abused its discretion by not taking judicial notice of the Internal Revenue Service's assessments demonstrating the existence of a $50 million promissory note that could be used as a bond to release "property."

Because Lee's motion sought to invoke the district court's authority to order his release from prison, we review <u>de novo</u> its denial.  <u>See, e.g.,</u> <u>United States v. Colon</u>, 707 F.3d 1255, 1258 (11th Cir. 2013) (reviewing <u>de novo</u> a district court's conclusions about the scope of its legal authority under a 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence).  In arguing that the district court erred, Lee relies on the Federal Rules of Civil Procedure which "govern the procedure in all

civil actions and proceedings in the United States district courts." Lee relies on the wrong rules. It is the Federal Rules of Criminal Procedure that "govern the procedure in all criminal proceedings in the United States district courts." Fed. R. Crim. P. 1(a)(1). The Federal Rules of Civil Procedure do not provide relief from judgment in a criminal case. See United States v. Mosavi, 138 F.3d 1365, 1365–66 (11th Cir.1998) (concluding that "the district court lacked the subject matter jurisdiction necessary to provide Rule 60(b) relief" because a defendant could not use the Federal Rules of Civil Procedure to challenge a criminal forfeiture imposed as part of a criminal sentence).

Lee's contention that the district court erred by denying his motion for release under the rules of admiralty is meritless to the point of frivolity. A person is not a vessel, cargo, or other property, and there is no precedent for releasing someone from prison under admiralty law. See 1 U.S.C. § 3 (providing that "[t]he word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water."); Supplemental Rules for Certain Admiralty and Maritime Claims (Rule (E)(5)(c)) ("Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is detained. . . ."); see also United

States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) (stating that the district court's authority to modify a term of imprisonment is "narrowly limited by statute," and that, under 18 U.S.C. § 3582, a court may modify a sentence only if (1) the Bureau of Prisons files a motion and certain other conditions are met; (2) a modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a guidelines range that was later lowered by the Sentencing Commission and other requirements are met).

Because Lee's motion was filed in his direct criminal case and seeks to reduce his term of imprisonment, the Federal Rules of Civil Procedure do not apply. See Fed. R. Civ. P. 1. His claim that the court erred in denying his motion for findings of fact and conclusions of law under a Rule of Civil Procedure, Fed. R. Civ. P. 52(a), fails for the same reasons. Nor does Federal Rule of Civil Procedure 7(b) apply in Lee's case, and his argument that the court erred under that rule is also unavailing.

The court was not required to take judicial notice of Lee's alleged $50,000,000 self-written bond. Even assuming that such a bond was posted, the court had no authority to release Lee on bond. Lee's claim that he was entitled to summary judgment fares no better. As we have already mentioned, his motion was brought in a criminal case. Summary judgment is a civil remedy. See generally

Fed. R. Civ. P. 56 (indicating that a party may move for summary judgment under the Federal Rules of Civil Procedure).

Finally, we note that even if the district court had construed his motion for release from custody as a 28 U.S.C. § 2255 motion for habeas relief, denial would have been appropriate. Lee would not be entitled to § 2255 relief based on admiralty law and an alleged bond.

**AFFIRMED.**