[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12673
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00171-EAK-EAJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROMAINE JEROME COFFIE,

Defendant-Appellant.


_____

No. 12-13382
Non-Argument Calendar
_____

D.C. Docket No.  3:06-cr-00312-VMC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOUS GRISSETT,

Defendant-Appellant.

_____

No. 12-13664
Non-Argument Calendar
_____

D.C. Docket No.  6:08-cr-00273-MSS-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVIN CLEVE HAZLEY,
a.k.a. Fudge,

Defendant-Appellant.

_____

No. 12-14036
Non-Argument Calendar
_____

D.C. Docket No.  3:03-cr-00348-TJC-MCR-1

2

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                                    versus

WAYNE ANTHONY MOORE,

                                                        Defendant-Appellant.

_____

No. 12-14848
Non-Argument Calendar
_____

D.C. Docket No.  8:06-cr-00443-RAL-MAP-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                                    versus

JOSEPH L. STRICKLAND,

                                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 15, 2013)

3

Before TJOFLAT, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Each of these consolidated appeals challenges the District Court's denial of the defendant's motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied the defendant's motion on the ground that he was not eligible for a sentence reduction because he was sentenced as a career offender, despite being sentenced below the applicable Guidelines sentence range for career offenders due to downward variances or departures. Each defendant argues that the court erred in denying his § 3582(c)(2) motion because, after the Supreme Court's decision in *Freeman v. United States*, 564 U.S. —, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), a career offender who received a departure or variance and was sentenced below the career offender sentence range was eligible for a § 3582(c)(2) sentence reduction under Amendment 750 to the Sentencing Guidelines.

A district court may only reduce a defendant's term of imprisonment under § 3582(c)(2) if his sentence was based upon a sentence range the Sentencing Commission subsequently lowered and if the reduction is consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(2). A reduction is not consistent with those policy statements if, due to the operation of another guideline provision, it does not have the effect of lowering the

4

defendant's sentence range.  U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. § 1B1.10, comment. (n.1(A)).  The defendant's "applicable guideline range" is the guideline range that was in effect before any departures or variances were applied.  U.S.S.G. § 1B1.10, comment. (n.1(A)).  The application of § 1B1.10 does not violate the Ex Post Facto Clause so long as the effect of the post-conduct Guidelines amendment does not increase the defendant's punishment beyond what it would have been without the amendment.  *United States v. Colon*, 707 F.3d 1255, 1258-59 (11th Cir. 2013).

Amendment 750 reduced the offense levels associated with various amounts of crack cocaine found in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 750, Pt. A, *cross referencing* U.S.S.G. App. C, Amend. 748 (2011).  Amendment 750 did not make any changes to U.S.S.G. § 4B1.1, the career offender guideline.  *See* U.S.S.G. App. C, Amend. 750.

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not under the Drug Quantity Table set forth in § 2D1.1(c).  U.S.S.G. § 4B1.1; *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).  In *Moore*, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the § 2D1.1(c) base offense levels for certain quantities of crack cocaine.  541 F.3d at 1325.  We

5

held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their Guidelines sentence ranges, which were calculated under § 4B1.1. *Id.* at 1327-28, 1330. Further, where the court granted a downward departure based on one defendant's substantial assistance, there was no basis to conclude that Amendment 706 lowered the defendant's sentence range. *Id.* at 1330.

In *Freeman*, the Supreme Court considered whether a defendant could be eligible for a sentence reduction where he entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement that included a recommended sentence or guideline sentence range. *Freeman*, 564 U.S. at —, 131 S.Ct. at 2690. In *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 568 (2012), we specifically addressed *Freeman*'s impact on *Moore* and held that *Moore* remained binding precedent. We concluded that *Freeman* was not "clearly on point" as to the issue addressed in *Moore* regarding the eligibility of career offenders for § 3582(c)(2) relief based on the retroactive lowering of crack cocaine base offense levels. *Id.* (internal quotation marks omitted). Specifically, *Freeman* did not address "defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." *Id.* Thus, the offense level and guideline sentence range for career offenders were not lowered by Amendment 750. *Id.*

Based on our precedent, the District Court did not err in denying the defendants' § 3582(c)(2) motions.  The defendants' total offense levels and Guidelines sentence ranges were not based on the drug quantity offense levels in § 2D1.1, but instead were based on the career offender offense levels in § 4B1.1. Because the sentence ranges were based on the career offender guidelines, not on the drug quantity guidelines, Amendment 750 did not lower the sentencing ranges upon which the defendants' sentences were based.  *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1327-30.

The defendants' argument that the Supreme Court's decision in *Freeman* abrogated our decision in *Moore* is explicitly foreclosed by our decision in *Lawson*.  *See Lawson*, 686 F.3d at 1321.  Moreover, under U.S.S.G. § 1B1.10 and its commentary, a reduction is only authorized where an amendment has the effect of lowering the applicable Guidelines sentence range, which is determined before any departure or variance.  U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. § 1B1.10, comment. (n.1(A)).  Thus, the defendants applicable sentence ranges for the purpose of determining their eligibility for a sentence reduction are the ranges produced by applying the career offender sentence range without regard to any downward departure or variance, and those ranges were not lowered by Amendment 750.

7

Finally, the defendants' arguments regarding the definition of "applicable guideline range" in the 2011 guidelines commentary are also unavailing.  Section 3582(c)(2) explicitly incorporates applicable policy statements issued by the Sentencing Commission, and we have previously rejected the argument that the amendments to § 1B1.10 violated the Ex Post Facto Clause.  *See* 18 U.S.C. § 3582(c)(2); *Colon*, 707 F.3d at 1258-59.  Accordingly, the district court did not err in denying the defendants' motions for a sentence reduction because they were sentenced as career offenders, and we affirm.

AFFIRMED.