[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14837
Non-Argument Calendar
_____

D.C. Docket No. 3:07-cr-00277-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE PITTMAN,
a.k.a. T,
a.k.a. TT,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 7, 2014)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Lonnie Pittman, a federal prisoner proceeding with counsel, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S. Sentencing Guidelines.

A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The amendment relied upon for § 3582(c)(2) relief must lower the "applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(A) (2013). If the amendment lowers the applicable guideline range, the district court may reduce the defendant's term of imprisonment, but generally not to a term that is less than the minimum of the amended guideline range.[1] Id. § 1B1.10(a), (b)(2)(A).

In 2008, Pittman pled guilty to conspiracy to distribute 50 grams or more of cocaine base (Count 1) and possession of a firearm during and in relation to a drug-trafficking crime (Count 5). At sentencing, the district court imposed a 200-month sentence, consisting of a 140-month downward-variance sentence as to Count 1 and a mandatory consecutive 60-month sentence as to Count 5. In 2011, Amendment 750 to the Sentencing Guidelines, which applies retroactively, had the

---

[1]    This general limitation is subject to an exception that is not applicable here. See id. § 1B1.10(b)(2)(B).

effect of lowering the "applicable guideline range" on Count 1 to an amended guideline range of between 168 and 210 months.

Pittman concedes that § 3582(c)(2) relief is unavailable to him because his original sentence on Count 1 is lower than the minimum of the amended guideline range on Count 1.  See § 1B1.10(b)(2).  Pittman argues, however, that § 1B1.10(b)(2) is invalid.  Specifically, Pittman argues that the current version of § 1B1.10(b)(2) violates the Ex Post Facto Clause, exceeds the U.S. Sentencing Commission's authority, and violates the separation-of-powers doctrine.  Pittman acknowledges that we rejected these arguments in United States v. Colon, 707 F.3d 1255 (11th Cir. 2013).  He raises them here solely in order to preserve the issues for further review.

The government has filed a motion for summary affirmance and to stay the briefing schedule.  Summary disposition is appropriate where, inter alia, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  Groendyke Transp., Inc. v. Davis, 406 F.2d 1158, 1162 (5th Cir. 1969); see United States v. Martinez, 407 F.3d 1170, 1173-74 (11th Cir. 2005) (construing the defendant's "unconventional" motion as a motion for summary reversal, granting the motion, vacating the defendant's

sentence, and remanding the case for resentencing where the district court had committed plain error by treating the Sentencing Guidelines as mandatory).

Pittman concedes that our precedent in Colon squarely forecloses his arguments about the validity of § 1B1.10(b)(2).  See United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012) (per curiam) ("We are bound by a prior panel opinion until the opinion's holding is overruled by the Supreme Court or by our Court sitting en banc.").  Accordingly, we GRANT the government's motion for summary affirmance and DENY AS MOOT the government's motion to stay the briefing schedule.

AFFIRMED.