[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10683
Non-Argument Calendar
_____

D.C. Docket No. 0:09-cr-60304-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES THERION CLAYTON,
a.k.a. Charles Clayton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 22, 2015)

Before WILLIAM PRYOR, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles Therion Clayton is a federal prisoner who pleaded guilty to possession with intent to distribute 500 grams or more of cocaine.  He now appeals pro se the denial of a motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines.  The district court denied the motion: Clayton's career-offender status precluded a sentence reduction.  No reversible error has been shown; we affirm.

We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding.  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that was later lowered by the Sentencing Commission and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  A reduction of a defendant's term of imprisonment is unauthorized under section 3582(c)(2) when the retroactive

2

guideline amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

The district court committed no error in denying Clayton a sentence reduction based on Amendment 782.  Amendment 782 reduced -- by two -- the base offense levels for most drug sentences calculated pursuant to the Drug Quantity Table, U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, amend. 782.  But Clayton was sentenced using the offense level and guideline range for career offenders in U.S.S.G. § 4B1.1, and not the offense level for drug quantity in U.S.S.G. § 2D1.1(c).  Amendment 782 resulted in no lowering of Clayton's guideline range; Clayton is ineligible for section 3582(c)(2) relief.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012).

Clayton's reliance on Freeman v. United States, 131 S.Ct. 2685 (2011), is misplaced.  In Freeman, the Supreme Court considered whether defendants who entered into plea agreements recommending a particular sentence, pursuant to Fed.R.Crim.P. 11(c)(1)(C), were eligible for a sentence reduction under section 3582(c)(2).  Here, Clayton's plea agreement contained no agreed-upon sentence or guidelines range.  Thus, Freeman is inapplicable.

Because Clayton's guideline range remained unchanged as a result of Amendment 782, no ex post facto violation occurred.  See United States v. Colon, 707 F.3d 1255, 1258-59 (11th Cir. 2013) (no ex post facto problem exists "[s]o

3

long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments.").  And the district court committed no error in treating U.S.S.G. § 1B1.10 as binding.  See Dillon v. United States, 130 S.Ct. 2683 (2010).

AFFIRMED.