[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15732
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60229-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD JEREMAINE WHITFIELD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2015)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Edward Jeremaine Whitfield, proceeding *pro se*, appeals the district court's denial of his request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.  After careful review, we affirm.

## I.  Background

In 2009, Defendant pled guilty to conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  In the plea agreement, Defendant and the Government agreed that Defendant's offense involved at least 50 grams, but less than 150 grams, of cocaine base, and at least 500 grams, but less than 2 kilograms, of cocaine.

After he entered his guilty plea, the probation office prepared Defendant's Presentence Investigation Report ("PSR").  The PSR indicated that Defendant was a career offender under § 4B1.1, because he had one prior conviction for a crime of violence and three prior convictions for controlled substance offenses.  Because the statutory maximum penalty for the present offense was life imprisonment,[1] Defendant's career offender status resulted in an offense level of 37.  The PSR then applied a three-level acceptance-of-responsibility reduction, pursuant to § 3E1.1(a) and (b), yielding a total offense level of 34.  Defendant qualified for a criminal

---

[1]  Had Defendant not been a career offender, the PSR indicated that Defendant's base offense level would have been 30, under U.S.S.G. §§ 2D1.1(c)(4) & 2D1.1, comment. (n.10(D)(i)), and that Defendant would have been subject to a three-level manager or supervisor enhancement, yielding an adjusted offense level of 33.

history category of VI, based on both his numerous criminal convictions and on his career offender criminal status. With a total offense level of 34 and a criminal history category of VI, Defendant's guideline range was 262-327 months' imprisonment.

At sentencing, the district court overruled Defendant's objection to the career offender enhancement, but nonetheless varied downward and sentenced him to 216 months' imprisonment. In January 2012, Defendant moved for a sentence reduction under § 3582(c)(2) and Amendment 750 of the Sentencing Guidelines, which amendment had retroactively reduced the base offense levels for crack cocaine. U.S.S.G. App. C (Nov. 2011), Amend. 750, 759. The district court denied Defendant's motion, finding that he was not eligible for a sentence reduction because his offense level had been dictated by his status as a career offender, under U.S.S.G. § 4B1.1, not by the quantity of drugs attributed to him. Accordingly, Amendment 750, which operated only to reduce an offense level calculated based on drug quantity, had no effect on Defendant's Guidelines' calculation.

In November 2014, Defendant moved for a sentence reduction under § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. Defendant argued that the district court was free to disagree with the application of the career offender guideline to his case and had the full discretion to reduce his sentence by

3

whatever amount it deemed appropriate.  The district court denied Defendant's motion ruling again that, as a career offender, Defendant was ineligible for a sentence reduction.  Defendant now appeals from that decision, arguing that U.S.S.G. § 1B1.10, as amended by Amendment 759, violates the Ex Post Facto Clause because the definition of "applicable guideline range" completely eliminates his ability to obtain a sentence reduction and because the district court erred by treating the § 1B1.10 policy statements as binding authority.

## II.  Discussion

We review *de novo* the district court's conclusions about the scope of its legal authority under § 3582(c)(2).  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).  We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting en banc overrules that opinion.  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  A defendant is not eligible for a reduction under § 3582(c)(2) if a guideline amendment "does not have the effect

of lowering the defendant's applicable guideline range." *Id.* § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)). The defendant's "applicable guideline range" is the guideline range that exists before any departure or variances have been applied.[2] U.S.S.G. § 1B1.10, comment. (n.1(A)). The application of § 1B1.10 does not violate the Ex Post Facto Clause so long as the effect of the post-conduct Guidelines amendment does not increase the defendant's punishment beyond what it would have been without the amendment. *Colon*, 707 F.3d at 1258-59.

Amendment 782, which is listed in § 1B1.10(d) and which became effective November 1, 2014, reduced by two levels the base offense level for most drug offenses. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014). Amendment 782 did not make any changes to U.S.S.G. § 4B1.1, the career offender guideline. *See* U.S.S.G. App. C., Amend. 782.

When a defendant is sentenced as a career offender, his base offense level is determined under § 4B1.1, not under the Drug Quantity Table set forth in § 2D1.1(c). U.S.S.G. § 4B1.1; *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008). In *Moore*, we faced the question of whether defendants who were sentenced as career offenders under § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which like Amendment 782, lowered the § 2D1.1(c) base offense levels for certain quantities of crack cocaine. 541 F.3d at 1325. We held

---

[2] This definition of "applicable guideline range" was added to § 1B1.10 by Amendment 759.

that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their applicable guideline ranges, which had been calculated under § 4B1.1  *Id.* at 1327-28, 1330.  Likewise, in *Lawson*, we concluded that *Moore* remained binding precedent and that Amendment 750 did not lower the guideline range for career offenders.  *Lawson*, 686 F.3d at 1321.

Based on our precedent, the district court did not err here when it denied Defendant's motion for a sentence reduction.  To recap, Defendant's total offense level and applicable guideline range were not based on the drug quantity offense levels in § 2D1.1, but instead were based on the career offender level in § 4B1.1. Because his guideline range was not based on the drug quantity guidelines, Amendment 782 did not lower the sentencing range upon which Defendant's sentence was based.  *See Lawson*, 686 F.3d at 1321; *Moore*, 541 F.3d at 1327-30.

Defendant's challenges to § 1B1.10 are unavailing.  His claim that § 1B1.10, as amended by Amendment 759, violates the Ex Post Facto Clause is foreclosed by our precedent.  Section 3582(c)(2) explicitly incorporates applicable policy statements issued by the Sentencing Commission, and we have previously rejected the argument that the amendments to § 1B1.10 violated the Ex Post Facto Clause. *See* 18 U.S.C. § 3582(c)(2); *Colon*, 707 F.3d at 1258-59.  Like *Colon*, the effect of Amendments 759 and 782 do not increase Defendant's range of punishment above what it was at the time he committed his crime.  *See Colon*, 707 F.3d at 1258-59.

Defendant's argument that the policy statements in § 1B1.10 are not binding authority in § 3582(c)(2) proceedings is likewise foreclosed by precedent.  The Supreme Court has concluded that *United States v. Booker*, 543 U.S. 220 (2005), does not require a district court to treat §1B1.10 as nonbinding, and we have previously relied on that Supreme Court precedent to indicate that § 1B1.10 is binding in § 3582(c)(2) proceedings.  *Dillon v. United States*, 560 U.S. 817, 821 (2010); *United States v. Hippolyte*, 712 F.3d 535, 538 n.11 (11th Cir. 2013).  Accordingly, the district court committed no error by complying with § 1B1.10 when denying Defendant's motion, and we affirm the denial of Defendant's § 3582(c)(2) motion.

**AFFIRMED.**