[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10394
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00426-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY RANDOLPH BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Randolph Berry is a federal prisoner serving a mandatory life sentence for distributing crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A).  Berry appeals pro se the district court's denial of his second request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  After review, we affirm.[1]

A district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that was later lowered by the Sentencing Commission and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  A sentence reduction is not authorized under § 3582(c)(2) when the retroactive guideline amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

As explained in our prior opinion affirming the district court's denial of Berry's first § 3582(c)(2) motion (based on Amendment 750), where the guideline amendment reduces the defendant's base offense level, but does not change the sentencing range upon which the defendant's sentence was based, the district court is not authorized to grant the § 3582(c)(2) motion.  United States v. Berry, 701 F.3d 374, 376 (11th Cir. 1012).  Thus, a defendant is not eligible for a § 3582(c)(2) sentence reduction if the amendment does not actually lower his applicable

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

guidelines range because the defendant's sentence was based on the statutory mandatory minimum. United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010); see also U.S.S.G. § 1B1.10 cmt. n.1(A).

This time, Berry's § 3582(c)(2) motion is based on Amendment 782. Amendment 782 lowered the base offense level for many drug offenses, including Berry's offense, by revising the Drug Quantity Table in U.S.S.G. § 2D1.1(c). See U.S.S.G. app. C, amend. 782; see also U.S.S.G. § 1B1.10(d) (listing Amendment 782 among the amendments that may serve as the basis for a § 3582(c)(2) reduction).

The district court did not err in denying Berry's § 3582(c)(2) motion based on Amendment 782. Although Amendment 782 lowered the base offense level for Berry's offense, it had no effect on Berry's guidelines range or ultimate sentence. Berry's applicable guidelines range of 360 to life was based on U.S.S.G. § 4B1.1, the career offender guideline, not on the Drug Quantity Table in § 2D1.1. And, Berry's life sentence was required by the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(A) (requiring a life sentence if the § 841(a) defendant had two or more prior convictions for felony drug offenses); U.S.S.G § 5G1.1(c)(2) (2002) (permitting the sentence to be imposed at any point within the applicable guidelines range, but not less than the statutory minimum). Accordingly, Berry was not eligible for a sentence reduction based on Amendment 782.

Berry raises several arguments for the first time on appeal, all of which lack merit.[2]  Berry contends that his Fifth and Eighth Amendment rights have been violated because he will be incarcerated for longer than he would be if the amendments applied.  However, these constitutional claims are "extraneous resentencing issues" that are outside the scope of a § 3582(c)(2) proceeding.  See United States v. Bravo, 203 F.3d 778, 780-82 (11th Cir. 2000).

Berry also argues that denying him a reduction based on Amendment 782 violates the Ex Post Facto Clause.  There is no merit to this argument, however, because Amendment 782 did not increase the range of punishment applicable to Berry above what it was at the time he committed his crime.  See United States v. Colon, 707 F.3d 1255, 1258-59 (11th Cir. 2013) (explaining that no Ex Post Facto problem exists "[s]o long as the effect of post-conduct amendments to the guidelines is not to increase the defendant's punishment beyond what it would have been without those amendments").

Finally, Berry argues that the district court should have given him a sentence reduction based on Amendment 788.  Amendment 788 merely added Amendment 782 to the list of retroactive amendments that could serve as the basis for a § 3582(c)(2) motion and delayed its effective date until November 1, 2015.  See

---

[2]Although we review arguments not raised in the district court only for plain error, United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009), with respect to Berry's new arguments, there is no error, plain or otherwise.

U.S.S.G. app. C, amend. 788.  As such, Amendment 788 is not itself an amendment that could have the effect of lowering a defendant's sentencing range. Further, Amendment 788 is not included in U.S.S.G. § 1B1.10's list of amendments that may be considered for retroactive application pursuant to a § 3582(c)(2) motion.  See U.S.S.G. § 1B1.10(a)(1), (d).

For all these reasons, we affirm the district court's denial of Berry's § 3582(c)(2) motion.

**AFFIRMED.**