[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11184
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80073-DTKH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 19, 2015)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Frank Jackson, a federal prisoner, appeals the district court's denial of his motion to reduce his below-guideline sentence pursuant to 18 U.S.C. § 3582(c)(2). He admits that his original sentence falls below even the amended guideline range, which would ordinarily prevent its downward modification. But Jackson contends that he has sufficiently cooperated with the government to benefit from the substantial-assistance exception, and the district court erred by dismissing his § 3582(c)(2) motion without holding an evidentiary hearing on that issue or requiring the government to respond. After careful consideration, we affirm.

## I.

We review de novo a district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). The decision whether to grant an evidentiary hearing is reviewed for abuse of discretion. United States v. Hill, 643 F.3d 807, 874 (11th Cir. 2011).

Once imposed, a sentence can be modified only in narrow circumstances. See Phillips, 597 F.3d at 1194–95. One such circumstance is when a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction must be consistent with the Sentencing Commission's applicable policy statements. Id.

2

Normally, a district court may not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range."  USSG § 1B1.10(b)(2)(A).  There is one exception to this rule: when the defendant previously received a below-guideline sentence based on his substantial assistance to the government.  See USSG § 1B1.10(b)(2)(B); USSG § 1B1.10, comment. (n.3).  Thus, a sentence may be reduced below the amended guideline range if (and only if) the defendant already received a downward departure for providing substantial assistance to the government—as opposed to simply receiving a downward variance based on the § 3553(a) factors.  See United States v. Colon, 707 F.3d 1255, 1259–60 (11th Cir. 2013) (upholding § 1B1.10(b)(2)(A)'s restriction on § 3582(c)(2) sentence reductions in the context of downward variances, as opposed to downward departures for substantial assistance).

## II.

Jackson's convictions arise from a drug sting in which he and several accomplices set out to steal about ten kilograms of cocaine.  Instead, Jackson's accomplices wound up in a gunfight with police, and he fled the scene in the getaway car, ultimately being apprehended after a chase.

Jackson pleaded guilty to two counts: (1) conspiracy to possess with intent to distribute cocaine hydrochloride in excess of five kilograms (in violation of 21 U.S.C. §§ 841, 846), and (2) brandishing a firearm in relation to a drug trafficking

3

crime (in violation of 18 U.S.C. § 924(c)(1)(A)(iii)).  Only the first count is relevant to this appeal.  Under the 2008 Guidelines, Jackson's base offense level for Count 1 was 32.  After adjustments, his total offense level was calculated at 39, which resulted in a guideline range of 324 to 405 months.

At sentencing, the court confirmed this guideline range.  After applying the § 3553(a) factors, the court granted a downward variance and sentenced Jackson to 216-months imprisonment on Count 1.  He was not given a downward departure for substantial assistance at that time or any time since; though the government has occasionally suggested that it might move for one.  For example, during the sentence hearing, the government stated "[t]here is a possibility" it would file such a motion.  And later, in response to one of Jackson's motions to compel filing of a substantial-assistance motion, the government stated it "does not exclude [that] possibility."

### III.

In 2014, Jackson moved to reduce his sentence in light of Amendment 782 to USSG § 2D1.1, which lowered the base offense level for most drug offenses. As the district court acknowledged, Amendment 782 does in fact reduce Jackson's base offense level, creating an amended guideline range of 262 to 327 months. However, the low end of this amended range is still above Jackson's original sentence of 216 months.  Thus, the district court could not reduce Jackson's

sentence pursuant to § 3582(c)(2) unless he had already received a downward departure for substantial assistance.  See USSG § 1B1.10(b)(2)(A)–(B); Colon, 707 F.3d at 1259–60.

Jackson has never received such a downward departure.  He does not contend otherwise.  Indeed, Jackson's repeated attempts to compel the government to file a substantial-assistance motion have been unsuccessful.[1]  On this record, the district court correctly denied Jackson's motion for a sentence reduction.

That the district court did so without first holding an evidentiary hearing or requiring the government to respond to Jackson's motion was not an abuse of discretion.  While the district court suggested after a preliminary review of Jackson's § 3582(c)(2) motion that it "may schedule an evidentiary hearing" if the government objected to the motion (which the government never did), whether to ultimately hold a hearing remained within the district court's sound discretion. United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992).

Beyond that, any potential evidentiary hearing would have concerned Jackson's § 3582(c)(2) motion pursuant to Amendment 782, not the issue of Jackson's present eligibility for a substantial-assistance sentence reduction.

---

[1] Jackson is wrong to characterize the government's past statements that it might file a substantial-assistance motion as "promise[s]" and "obligations."  Similarly, the plea agreement states that the government "reserves the right" to file such motions in its "sole and unreviewable judgment," and emphasizes that "nothing in this Agreement may be construed to require this Office to file any [substantial-assistance] motion."

Conducting a hearing on Jackson's alleged assistance of the government was simply outside the scope of a § 3582(c)(2) proceeding.  See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing.  Indeed, we have held that all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.") (citation omitted).  This was not an opportunity for Jackson to reopen other aspects of his sentencing.  Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**