[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12794
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00389-HES-JBT-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTINA ELIZABETH COLON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(February 6, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

CARNES, Circuit Judge:

Since the Sentencing Commission issued Amendments 750 and 759 involving the retroactive reduction in the sentencing guidelines base offense level for crack cocaine offenses, we have seen a bushel basket full of appeals from the denial of relief based on those amendments in 18 U.S.C. § 3582(c)(2) proceedings. See, e.g., United States v. Liberse, 688 F.3d 1198, 1199 (11th Cir. 2012) ("This is the third decision we have issued in the past month concerning the application of Amendments 750 and 759 to the sentencing guidelines and the scope of a district court's authority to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(2)."). Only a few of those appeals have had merit. This is not one of those few, although it does raise some issues of first impression.

I.

In 2006 Christina Colon pleaded guilty to distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 2). The presentence investigation report concluded that she was responsible for 17.9 grams of crack cocaine, which made her base offense level 26. See U.S.S.G. § 2D1.1(c)(7) (Nov. 2005). She received a 3-level reduction for acceptance of responsibility and timely notification of her intent to plead guilty, resulting in a total offense level of 23. Colon's criminal history category was I, which resulted in a guidelines range for Count 1 of 46 to 57 months imprisonment.

The district court varied downward and sentenced her to 36 months imprisonment for Count 1. On Count 2, the court sentenced her to the mandatory minimum term of five years imprisonment, which was required by statute to run consecutively to the term of imprisonment imposed on Count 1. See 18 U.S.C. § 924(c). The result was a sentence of 96 months (36 + 60).

In 2008 Colon filed a motion under 18 U.S.C. § 3582(c)(2) to reduce her sentence on Count 1 based on Amendment 706, which reduced the base offense levels for crack cocaine offenses. See U.S.S.G. App'x C (Nov. 2008) amend. 706. The district court determined that she was eligible for a sentence reduction and calculated an amended guidelines range of 37 to 46 months imprisonment for that count. It also applied a downward variance comparable to the one that had been applied at Colon's original sentencing, resulting in a reduced sentence of 27 months imprisonment for Count 1 and a total sentence of 87 months (27 + 60).

After Congress passed the Fair Sentencing Act of 2010, the Sentencing Commission issued Amendment 750, which again retroactively reduced the base offense levels for crack cocaine offenses. See U.S.S.G. App'x C (Nov. 2011) amends. 750, 759. The Commission also issued Amendment 759, which revised U.S.S.G. § 1B1.10, the policy statement governing motions for sentence reductions under 18 U.S.C. § 3582(c)(2). See U.S.S.G. App'x C (Nov. 2011) amend. 759. Before Amendment 759, a district court had discretion to lower a defendant's

3

sentence below the amended guidelines range subject to some restrictions.  See U.S.S.G. § 1B1.10(b)(2) (Nov. 2010).  And the district court did that for Colon in 2008, when it granted her § 3582(c)(2) motion and reduced her sentence on Count 1 to 27 months.  Thereafter, Amendment 759 further restricted a district court's discretion to make that kind of reduction.   As a result, § 1B1.10(b)(2) now provides, in part, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," unless the original sentence imposed had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2) (Nov. 2011).

In 2011 Colon filed a second § 3582(c)(2) motion to reduce her sentence based on Amendment 750.  Under that amendment, Colon's new guidelines range for Count 1 would have been 30 to 37 months imprisonment.  But because Colon's current sentence on that count was 27 months, which was below the amended guidelines range, and because the original variance was not based on substantial assistance, the district court concluded that Amendment 759 prevented the use of Amendment 750 to reduce Colon's sentence any further below the amended guidelines range.  U.S.S.G. § 1B1.10(b)(2)(A) (Nov. 2011).  On that basis, the district court denied Colon's § 3582(c)(2) motion.  This is her appeal.

4

II.

"We review de novo a district court's conclusions about the scope of its legal authority under § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A.

Colon first contends that the district court's application of the post-Amendment 759 version of U.S.S.G. § 1B1.10(b)(2) to her case violated the Ex Post Facto Clause. That clause prohibits "the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." Weaver v. Graham, 450 U.S. 24, 30, 101 S.Ct. 960, 965 (1981). "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Id.

The measuring point for purposes of the Ex Post Facto Clause is the time that Colon committed her crimes, which was in 2005, long before Amendments 750 and 759 were issued in 2011. As a result, Amendment 759's restriction on the district court's discretion to reduce Colon's sentence based on Amendment 750 did not increase the punishment "assigned by law when the act to be punished occurred." Weaver, 450 U.S. at 30, 101 S.Ct. at 965 (emphasis added). The net

5

effect of Amendments 750 and 759 was not to increase her range of punishment above what it was at the time she committed her crimes. Colon's guidelines range after those amendments was the same as it would have been without them. So long as the effect of post-conduct amendments to the guidelines is not to increase a defendant's punishment beyond what it would have been without those amendments, "the imposition of punishment [is not] more severe than the punishment assigned by law when the act to be punished occurred," id., and there is no ex post facto problem.

B.

Colon also contends that the district court erred in applying the post-Amendment 759 version of U.S.S.G § 1B1.10(b)(2) to her case because the Sentencing Commission's amendment of that policy statement exceeded its authority under the Sentencing Reform Act, 28 U.S.C. § 994. The Sentencing Reform Act states that "[i]f the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u).

Although we have not yet addressed this issue, the other two circuits that have addressed it have held that the Sentencing Commission did not exceed its

6

authority under 28 U.S.C. § 994 in prohibiting reductions below a prisoner's

amended guidelines range.  See United States v. Berberena, 694 F.3d 514, 520–23

(3rd Cir. 2012); United States v. Anderson, 686 F.3d 585, 589–90 (8th Cir. 2012).

We agree.  The Commission amended § 1B1.10(b)(2), which is part of a policy

statement, to prohibit § 3582(c)(2) reductions below a prisoner's amended

guidelines range, unless the original sentence had been below the applicable

guidelines range because of a reduction based upon the defendant's substantial

assistance to authorities.   In doing that, the Commission indicated "in what

circumstances and by what amount the sentences of prisoners" may be reduced

based on retroactive amendments — an action it was clearly authorized to take by

the plain language of § 994(u) of the Sentencing Reform Act.

The Act not only gives the Commission authority to issue policy statements

governing sentence reductions, it actually requires the Commission to issue them.

Section 994(a) provides that the Commission must promulgate general policy

statements that address "the appropriate use of . . . the sentence modification

provisions set forth in section[] . . . 3582(c) of title 18."  28 U.S.C. § 994(a)(2)(C).

And the text of 18 U.S.C. § 3582(c)(2) requires courts to abide by those policy

statements:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission . . . , the court may reduce the
> term of imprisonment, after considering the factors set forth in section

7

3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>.

18 U.S.C. § 3582(c)(2) (emphasis added); <u>see</u> <u>also</u> <u>Dillon v. United States</u>, 560 U.S. —, 130 S.Ct. 2683, 2691 (2010) (interpreting § 3582(c)(2) as "requir[ing] the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized"). To summarize, § 994(u) requires the Commission to specify the circumstances in which and the amounts by which sentences may be reduced based on retroactive amendments; § 994(a)(2)(C) requires that it do so in a policy statement; and § 3582(c)(2) requires courts to follow those policy statements. <u>See also</u> <u>Berberena</u>, 694 F.3d at 523; <u>United States v. Horn</u>, 679 F.3d 397, 401–02 (6th Cir. 2012).

Colon argues that the Sentencing Reform Act does not allow the Sentencing Commission to override a court's decision to vary downward at the original sentencing proceeding. Maybe not, but § 1B1.10(b) does not do that. It does not "override" any earlier sentencing decisions the court has made. In the words of the Supreme Court, in enacting § 3582(c)(2) "Congress intended to authorize only a limited adjustment to an otherwise final sentence," to be done within the "narrow bounds established by the Commission." <u>Dillon</u>, 130 S.Ct. at 2691, 2694. And in the words of the Third Circuit speaking about § 1B1.10(b), "Nowhere did

8

Congress require that the Commission permit judges to fashion a reduction with exactly the same tools — departures and variances — they originally used to set an appropriate sentence." Berberena, 694 F.3d at 521.  Instead of overriding the effect of the sentencing court's original departures and variances, "the Commission has merely limited the extent to which new ones can be awarded in § 3582(c)(2) proceedings." Id.  The § 1B1.10(b) policy statement neither required nor permitted the district court in this case to undo any departure or variance decision it had made when it originally sentenced Colon.  The Commission did not exceed its statutory authority under 28 U.S.C. § 994 when it amended § 1B1.10(b)(2) to limit, as it did, a court's discretion to lower a sentence below the amended guidelines range.

## C.

Colon next contends that the district court erred in applying the post-Amendment 759 version of U.S.S.G. § 1B1.10(b)(2) to her case because the Sentencing Commission's amendment of that section violates the separation of powers doctrine by overriding a sentencing court's original decision to reduce the sentence by varying downward.  As we have just explained, the minor premise in that syllogism is wrong — nothing in § 1B1.10(b)(2) requires a court to undo its original sentencing determinations.  Instead, that provision limits the court's discretion to apply Amendment 750 in a § 3582(c)(2) proceeding in order to reduce

Colon's otherwise final sentence.  Congress authorized the Commission to impose limitations like that, and doing so does not violate any separation of powers principle.  Cf.  Mistretta v. United States, 488 U.S. 361, 364, 109 S.Ct. 647, 651 (1989) ("[T]he scope of judicial discretion with respect to a sentence is subject to congressional control.").

Colon also contends that the Sentencing Commission violated the separation of powers doctrine by failing to comply with 28 U.S.C. § 994(p)'s report-and-wait procedure and thereby issuing legislative rules without Congressional approval and oversight.[1]  Under 28 U.S.C. § 994(p), when the Commission seeks to amend a guideline, it must submit the proposed amendment to Congress, along with reasons explaining the amendment, and give Congress 180 days to modify or disapprove the amendment.  See 28 U.S.C. § 994(p).  If Congress fails to act, the proposed amendment takes effect.  Id.  That report-and-wait procedure, however, applies only to guidelines and not to policy statements.  Id.  Section 1B1.10(b)(2) is not a guideline but a policy statement.

Even if the Sentencing Commission's policy statements were subject to the 180-day waiting period, we agree with the Third and Eighth Circuits that the Commission's revision of § 1B1.10(b)(2) did not violate the separation of powers

---

[1] Because Colon failed to raise this argument before the district court, we review only for plain error.  United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007).  To prove plain error, Colon must show: "(1) error, (2) that is plain and (3) that affects substantial rights."  Id. at 1276.  The standard of review does not affect the outcome of this case, though, because Colon cannot show error, much less plain error.

10

doctrine.  The purpose of the 180-day waiting period is to make the Commission accountable, and that purpose was fulfilled.  See Berberena, 694 F.3d at 525.  Congress can override any guideline or policy statement by statute.  Id.; see also Anderson, 686 F.3d at 591.  "The Commission, then, remains fully accountable to Congress when it issues binding policy statements like § 1B1.10."  Berberena, 694 F.3d at 525.  The Commission also solicited public comments about § 1B1.10(b)(2)'s limitation on sentence reductions, and held a public hearing about the amendment.  See 76 Fed. Reg. 24960 (May 3, 2011); U.S. Sentencing Comm'n, Public Meeting Minutes (June 30, 2011).[2]   We agree with the Third and Eighth Circuits that the Commission did not violate the separation of powers doctrine in amending § 1B1.10.

### D.

Finally, Colon contends that U.S.S.G. § 1B1.10, as amended, is invalid because the Sentencing Commission did not comply with the notice and comment requirements of the Administrative Procedure Act when it amended that policy statement.

---

[2] The minutes of the Commission's June 30, 2011 meeting are available at http://www.ussc.gov/Legislative_and_Public_Affairs/Public_Hearings_and_Meetings/20110630/Meeting_Minutes.pdf (last visited Jan 22, 2013).  In keeping with Eleventh Circuit Internal Operating Procedure 10, "Citation to Internet Materials in an Opinion," under Federal Rule of Appellate Procedure 36, a copy of the internet materials cited in this footnote is available at this Court's Clerk's Office."

The Sentencing Reform Act distinguishes guidelines, which are intended for use in determining the sentence to be imposed in a criminal case, from "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in view of the Sentencing Commission would further the purposes" set out in 18 U.S.C. § 3553(a)(2).  See 28 U.S.C. § 994(a)(1), (2).  Congress has made proposed guidelines, but not changes in policy statements, subject to the APA's notice and comment provisions.  See id. § 994(x) ("The provisions of section 553 of title 5, relating to publication in the Federal Register and public hearing procedure, shall apply to the promulgation of guidelines pursuant to this section.") (emphasis added).  Because § 994(x) makes no reference to policy statements, and in that respect is different from surrounding provisions, see § 994(t) and (v), three circuits have concluded that the Commission's policy statements, specifically including § 1B1.10, are not subject to the APA's notice and comment provisions.  See Berberena, 694 F.3d at 526–27 ("The statutory scheme established by the [Sentencing Reform Act] makes clear that the Commission is only subject to the APA's notice-and-comment provisions when promulgating Guidelines."); Anderson, 686 F.3d at 590 (noting that "policy statements, unlike guidelines, are not subject to . . . the notice and comment requirements of the Administrative Procedure Act . . . ."); United States v. Fox, 631 F.3d 1128, 1131 (9th Cir. 2011) (noting that "[t]he Sentencing Commission

12

must jump through more procedural hoops to issue a Guideline than to issue a Policy Statement," citing 28 U.S.C. § 994(x)).  We agree with those circuits that the Commission's amendment to § 1B1.10 was not subject to the APA's notice and comment requirements.

Colon argues that the policy statement in § 1B1.10 should be subject to the notice and comment requirements because it is binding.  She cites the general administrative law principle that agencies may not avoid the notice and comment procedures Congress has mandated by disguising rules as statements of policy. That principle has no applicability here because it was Congress—not the Commission—that made § 1B1.10 binding on courts by providing that a sentence may be reduced in a § 3582(c)(2) proceeding only where doing so is consistent with the Commission's policy statements.

For all of these reasons, the district court did not err in denying Colon's § 3582(c)(2) motion.

**AFFIRMED.**

13