[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15800
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60175-RNS-6


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL JOSEPH KING,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Daniel Joseph King, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  King argues the district court erred in denying his motion because his original, below-guidelines sentence was the result of a U.S.S.G. § 5K1.1 substantial assistance departure.  As the parties are familiar with the facts of this case, we weave them into the discussion only as necessary.  Upon review,[1] we affirm.

The district court did not err in denying King's motion because (1) his original sentence of 75 months was already below the 168-month minimum of his amended guideline range,[2] and (2) the Government never moved for a § 5K1.1 downward departure for substantial assistance.  When a defendant's original sentence is already lower than the minimum of her amended guidelines range, she is not eligible for a reduction below the amended guidelines range.  U.S.S.G. § 1B1.10(b)(2)(A); *see United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013).  That is the precisely the case here.  King's 75-month sentence was well below the 168-month minimum of his amended guidelines range.

Nonetheless, a defendant is still eligible for a reduction under § 3582(c)(2) if his original sentence was below the amended guidelines range "because of a

---

[1]  We review de novo a district's court's legal conclusions as to the scope of its authority under § 3582(c)(2).  *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

[2]  We assume, without deciding, that King is eligible pursuant to Amendment 782 of the Sentencing Guidelines for a 2-level reduction in his original base offense level of 38.  Since his base offense level would be 36 under the amended guidelines, his amended guidelines range—keeping all of the original sentencing findings intact—would be 168 to 210 months.

reduction based upon the defendant's substantial assistance to authorities [pursuant to § 5K1.1]." *Colon*, 707 F.3d at 1259; § 1B1.10(b)(2)(B).  A substantial assistance departure is available upon a "motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."  § 5K1.1.  The record belies King's assertion that he received a § 5K1.1 substantial assistance departure.  The district court's comments at the sentencing hearing explicitly indicate King's below-guidelines sentence was attributable to a § 3553(a) downward variance, not a § 5K1.1 motion.  We accordingly affirm.

**AFFIRMED.**