[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13018
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20468-PCH-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 21, 2016)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Oscar Gonzalez, proceeding pro se, appeals the district judge's not granting him an additional downward variance in his imprisonment sentence in his 18 U.S.C. § 3582(c)(2) proceeding.  We affirm.

## I.  BACKGROUND

In 2009, Gonzalez was convicted of one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 846.  Applying the 2008 Sentencing Guidelines Manual, the Probation Office assigned Gonzalez a base-offense level of 34 under U.S.S.G. § 2D1.1(a)(3), because the crime involved possession of at least 15 but less than 50 kilograms of cocaine.  Gonzalez received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), because he possessed a dangerous weapon.  He also received a two-level enhancement under U.S.S.G. § 3B1.1(c), because he was an organizer, leader, manager, or supervisor of the conspiracy, resulting in a total-offense level of 38.  Because Gonzalez had no criminal-history points, he was assigned a criminal-history category of I.  His resulting Guidelines range was 235 to 293 months of imprisonment.

At his sentencing, Gonzalez accepted responsibility and was granted a two-level reduction.  The district judge also sustained his objection to the role enhancement, making Gonzalez eligible for safety-valve relief.  With the omission of the role-enhancement adjustment, reduction for acceptance of responsibility, and

2

application of safety-valve relief, Gonzalez's offense level was reduced to 32, resulting in a Guidelines range of 121 to 151 months of imprisonment. The judge sentenced Gonzalez to 110 months of imprisonment, an 11-month (9 percent) downward variance from the bottom of his Guidelines range. The judge varied downward, because the crime did not involve the use of an actual firearm, which reduced the dangerousness and seriousness of the crime. We affirmed Gonzalez's conviction and sentence on direct appeal. *United States v. Gonzalez*, 414 F. App'x 189 (11th Cir. 2011).

Thereafter, Gonzalez filed a motion for appointment of counsel to assist him in preparing a § 3582(c)(2) motion for a reduction of his sentence under Amendment 782 to the Sentencing Guidelines, which the district judge construed as a § 3582(c)(2) motion. The government agreed Gonzalez was eligible for a sentence reduction under Amendment 782 and recommended his sentence be reduced to 97 months of imprisonment, the low end of his amended Guidelines range. The government further noted the Sentencing Guidelines prohibited the judge from reducing Gonzalez's sentence below the minimum of his amended Guidelines range. The judge granted Gonzalez's motion and reduced his sentence to 97 months of imprisonment. In granting this reduction, the judge stated he had considered the revised Guidelines range and the 18 U.S.C. § 3553(a) factors.

On appeal, Gonzalez argues the judge erred in failing to grant him a comparable downward variance in the § 3582(c)(2) proceeding and reduce his sentence to 86 months of imprisonment.  By not granting this additional variance, he asserts the judge failed to consider the § 3553(a) factors.

## II.  DISCUSSION

We review de novo conclusions regarding the scope of legal authority by a district judge under 18 U.S.C. § 3582(c)(2).  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).  A defendant is eligible for a reduced sentence under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers the Guidelines range calculated by the sentencing judge.  U.S.S.G. § 1B1.10, comment. (n.1(A)).  The judge must consider the § 3553(a) factors in a § 3582(c)(2) proceeding but need not state specifically the applicability of each factor in determining the defendant's sentence.  *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009).

District judges are generally prohibited from reducing a defendant's sentence to a term below the minimum of the amended Guidelines range.  *Id.* § 1B1.10(b)(2)(A).  The only exception to this prohibition is where the defendant received a sentence below the applicable Guidelines range at the original sentencing pursuant to *a substantial-assistance motion filed by the government*.  *Id.* § 1B1.10(b)(2)(B).  In that situation, the judge may apply a comparable reduction

4

to the amended Guidelines range in a § 3582(c)(2) proceeding. *Id.* A judge cannot sentence a defendant below the amended Guidelines range, however, when the downward departure or variance at the original sentencing was not based on the defendant's substantial assistance. *See id.* § 1B1.10, comment. (n.3). We have held Amendment 759 to the Guidelines, which limits a judge's ability to issue a sentence below the minimum of the amended Guidelines range, does not violate the Ex Post Facto Clause; exceed the Sentencing Commission's authority under the Sentencing Reform Act of 1984; violate separation of powers principles; or violate the Administrative Procedure Act. *See Colon*, 707 F.3d at 1258-62 (affirming the denial of a § 3582(c)(2) motion on the ground the judge lacked authority to reduce the defendant's sentence below the amended Guidelines range).

Amendment 782 provides a two-level reduction in the base-offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, amend. 782. For offenses involving at least 15 but less than 50 kilograms of cocaine, Amendment 782 reduces the base-offense level from 34 to 32. *See id.* ("Section 2D1.1(c)(4) (as so redesignated) is amended by striking 'Level 34' and inserting 'Level 32.'"); *see also* U.S.S.G. § 2D1.1(c)(4).

The district judge did not err in failing to reduce Gonzalez's sentence below the amended Guidelines range. The judge correctly determined Gonzalez was eligible for a sentence reduction based on Amendment 782, correctly identified his

amended Guidelines range, and reduced his sentence to 97 months of imprisonment, the bottom of the amended Guidelines range, after considering the § 3553(a) factors. *See Smith*, 568 F.3d at 927. This was the lowest possible sentence the judge could have imposed on Gonzalez, because the variance Gonzalez received at sentencing was not based on his substantial assistance; consequently, the judge lacked authority to apply a comparable reduction in the § 3582(c)(2) proceeding. *See* U.S.S.G. § 1B1.10(b)(1)(A), (B); *id.* § 1B1.10, comment. (n.3); *Colon*, 707 F.3d at 1258-62. Therefore, the judge did not err in failing to grant Gonzalez a comparable downward variance from the amended Guidelines imprisonment range in his § 3582(c)(2) proceeding.

**AFFIRMED.**