[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10236
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60147-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAKE STEVE MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 2, 2016)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jake Steve Michel appeals denial of his motion to modify or reduce his imprisonment sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. We affirm.

## I. BACKGROUND

In October 2008, Michel pled guilty to one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 1), one count of possession with intent to distribute 50 grams or more of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 2), one count of knowingly using or carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) (Count 4). Applying the 2008 Sentencing Guidelines Manual, the presentence investigation report ("PSI") grouped Counts 1, 2, and 4 together and noted the Guidelines sentence for Count 3 was the statutory term of imprisonment. The probation officer determined Michel was responsible for the equivalent of 2,291 kilograms of marijuana. Under U.S.S.G. § 2D1.1(a)(3), the base offense level for that amount was 32; because the crime included cocaine base, however, the probation officer applied a two-level reduction, resulting in a base offense level of 30. Michel received a three-level reduction for his acceptance

2

of responsibility, resulting in a total offense level of 27. He had three criminal-history points; therefore, he was assigned a criminal-history category of II.

With his total offense level of 27 and criminal-history category of II, Michel's Guidelines sentencing range for Counts 1, 2, and 4 was 78 to 97 months of imprisonment. Michel was subject to two mandatory-minimum sentences: a mandatory-minimum sentence of 10 years (120 months) for Count 2 and a mandatory-minimum sentence of 5 years (60 months) for Count 3 to run consecutive to any other imprisonment term. Consequently, Michel's total Guidelines sentencing range for all four counts was 180 months of imprisonment. In January 2009, the district judge sentenced Michel to a total term of 180 months of imprisonment, consisting of 120 months each for Counts 1 and 2, to be served concurrently, and 60 months each for Counts 3 and 4, to be served concurrently with each other and consecutive to the imprisonment sentences for Counts 1 and 2.

In November 2015, Michel filed a pro se § 3582(c)(2) motion requesting a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels for most drug offenses. The judge appointed the federal public defender to represent Michel, directed the U.S. Probation office to file a report on Michel's eligibility for relief under Amendment 782, and ordered the government to show cause why Michel's sentence should not be reduced. The probation officer filed a report stating Michel was not eligible for a sentence

reduction under Amendment 782, because he was subject to a mandatory-statutory penalty in excess of the Guidelines sentencing range. The government filed an opposition to Michel's motion and agreed with the probation officer that Michel was ineligible for relief. The public defender did not supplement Michel's pro se § 3582(c)(2) motion. The judge concluded he lacked authority to grant Michel's motion, because Amendment 782 had no effect since Michel was sentenced to a statutory-mandatory-minimum sentence that exceeded his Guidelines sentencing range. Accordingly, the judge denied Michel's motion.

For the first time on appeal, Michel argues the statutory-mandatory-minimum penalties in the Fair Sentencing Act of 2010 ("FSA") must be applied in conjunction with the retroactive Guidelines amendments. In a § 3582(c)(2) proceeding, Michel contends a district judge must apply the FSA statutory-mandatory-minimum sentences for crack-cocaine crimes in assessing a defendant's eligibility for a reduction under Amendment 782, even if the defendant was sentenced prior to the effective date of the FSA and subject to a higher mandatory-minimum-imprisonment sentence.

## II. DISCUSSION

We generally review de novo a district judge's conclusions about the scope of his legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). Arguments not raised in district court, however,

are reviewed only for plain error. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012).

Under § 3582(c)(2), a district judge may reduce a defendant's sentence if his Guidelines range has been lowered by a retroactively applicable amendment to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, comment. (n.1(A)). Such a reduction is not authorized, however, when the retroactive amendment reduces the defendant's base-offense level but does not alter his sentencing range. *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). If the amendment does not actually lower the defendant's Guidelines sentencing range "because of the operation of another guideline or statutory provision," such as a statutory-mandatory-minimum sentence, the judge may not reduce the defendant's sentence. *Id.* (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))). Consequently, a defendant whose Guidelines imprisonment sentence was based on a statutory-mandatory minimum is not eligible for relief under § 3582(c)(2). *Id.*

The FSA, which became effective on August 3, 2010, reduced statutory-mandatory-minimum sentences for crack-cocaine crimes in 21 U.S.C. § 841(b). *Id.* at 377; FSA, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010). The Supreme Court has held the FSA lower mandatory-minimum sentences could be applied to defendants who were sentenced after enactment of the FSA, even if their crime was committed prior to the effective date of the FSA. *Dorsey v. United States*, 567

5

U.S. __, __, 132 S. Ct. 2321, 2326 (2012).  The Court did not state the FSA should apply retroactively to defendants sentenced prior to its effective date.  Instead, the Court noted "in federal sentencing, the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced."  *Id.* at __, 132 S. Ct. at 2335.

In *Berry*, on appeal from denial of a § 3582(c)(2) motion, we explained the FSA could not serve as a basis for a sentence reduction under § 3582(c)(2), because it is not a Guidelines amendment promulgated by the Sentencing Commission.  *Berry*, 701 F.3d at 377.  Even assuming the defendant's argument the FSA applied retroactively to defendants sentenced prior to enactment of the FSA could be raised in a § 3582(c)(2) proceeding, we held that argument failed because *Dorsey* confined application of the FSA to offenders sentenced *after* the effective date of the FSA.  *See id.* at 377-78 ("We agree with every other circuit to address the issue that there is no evidence that Congress intended the FSA to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment." (citation, internal quotation marks, and alteration omitted)).

Michel's argument fails because it is foreclosed by our *Berry* decision. *Berry* held the FSA cannot serve as a basis for a sentence reduction under § 3582(c)(2); even if it could, the FSA mandatory-minimum sentences do not apply to defendants like Michel, who were sentenced prior to its effective date.  *Id.*

6

Therefore, the district judge did not plainly err in failing to apply the FSA mandatory-minimum sentence in Michel's § 3582(c)(2) proceeding or in concluding Michel was ineligible for relief under Amendment 782 and § 3582(c)(2), because his sentence was based on a statutory-mandatory-minimum sentence that exceeded his Guidelines sentencing range. *Id.* at 376; U.S.S.G. § 1B1.10, comment. (n.1(A)).

**AFFIRMED.**