[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10050
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cr-00416-WTM-GRS-1


UNITED STATES OF AMERICA,

                                              Plaintiff - Appellee,

versus

JAMES BERNARD JONES, JR.,
a.k.a. Eric Bernard Lloyd,

                                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 4, 2016)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

James Jones, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, which was filed pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. After review of the record and the parties' briefs, we affirm.

Mr. Jones pled guilty to the distribution of an unspecified quantity of crack cocaine, in violation of 21 U.S.C. § 841. According to the PSI, Mr. Jones' base offense level was 30, pursuant to U.S.S.G. § 2D1.1, but was set at 32 because Mr. Jones was a career offender. The career offender designation was based on (1) his instant controlled substance offense and (2) his two prior convictions for crimes of violence. *See* U.S.S.G. §§ 4B1.1 & 4B1.2.  After a 3-level reduction for acceptance of responsibility, Mr. Jones' total offense level was 29.

At sentencing, the district court recalculated Mr. Jones' base offense level for the narcotics offense to 16. In the court's opinion, it would be unfair to calculate Mr. Jones' advisory guidelines range based on crack cocaine because the initial drug he offered for sale was powder cocaine, and he only cooked the powder cocaine into crack at the request of an informant. The substitution of the type of drug, however, did not alter Mr. Jones' career offender enhancement, which meant that the base offense level remained at 32, and, with the 3-level reduction for acceptance, the total offense level remained at 29. Mr. Jones' advisory sentencing

2

range with the career offender enhancement was 151–181 months' imprisonment. The district court imposed a sentence of 160 months' imprisonment.

In Amendment 782, the Sentencing Commission retroactively reduced the offense levels in § 2D1.1 of the Sentencing Guidelines by two levels. After the enactment of Amendment 782, the district court *sua sponte* examined Mr. Jones' sentence for a possible reduction pursuant to 18 U.S.C. § 3582(c)(2). But it denied the reduction, finding that Amendment 782 did not alter Mr. Jones' sentencing range, which was controlled by the career offender guideline.

On appeal, Mr. Jones argues that the district court erred by denying him a sentence reduction in light of Amendment 782. We review a district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*. *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* § 3582(c)(2). A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guideline amendment reduces his base offense level, but does not alter the guidelines range upon which his sentence was based. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008). Specifically, when a drug offender is sentenced under the career offender guideline in § 4B1.1, the guidelines

range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1. *See United States v. Lawson*, 541 F.3d 1323, 1330 (11th Cir. 2008). Because an amendment to § 2D1.1 does not affect a career offender's guidelines range, Mr. Jones is ineligible for a sentence reduction under § 3582(c)(2).

We affirm the district court's denial of a sentence reduction to Mr. Jones under § 3582(c)(2).

**AFFIRMED.**