[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10707
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00034-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISHMAEL HASSAN SALEEM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 1, 2016)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ishmael Saleem, proceeding pro se, appeals the district court's denial of his counseled 18 U.S.C. § 3582(c)(2) motion to reduce his sentences and his pro se motion for reconsideration of the denial of his earlier pro se § 3582(c)(2) motion. After careful review, we affirm.

I.

On July 25, 2012, Saleem pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) ("Count Two"), and to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) ("Count Four"). Using the United States Sentencing Guidelines Manual effective November 1, 2011, the presentence investigation report ("PSI") calculated the offense levels for Count Two and Count Four separately. First, the PSI determined that Saleem's base offense level for Count Two was 26 under USSG § 2D1.1, and then applied a 2-level enhancement under § 2D1.1(b)(1) (because he possessed a dangerous weapon) for an adjusted offense level of 28. Second, it determined that Saleem's base offense level for Count Four was 22 under USSG § 2K2.1(a)(3), and then applied the following enhancements: (1) 2 levels under § 2K2.1(b)(1)(A), because the offense involved between 3 and 7 firearms; (2) 2 levels under § 2K2.1(b)(4), because the offense involved a stolen firearm; and (3) 4 levels under § 2K2.1(b)(6), because Saleem used or possessed a

2

firearm in connection with another felony.  This yielded an adjusted offense level of 30 for Count Four.

The PSI "grouped" Counts Two and Four together because they were "closely related counts" under USSG § 3D1.2(c).  This means that, in accordance with § 3D1.3(a), the PSI calculated one offense level for the entire "group" (consisting of Counts Two and Four) by using the higher adjusted offense level of the two counts—which in this case was Count Four's adjusted offense level of 30.  The 3-level acceptance-of-responsibility reduction under USSG § 3E1.1 resulted in a total offense level of 27.  Based on this total offense level and his criminal history category of IV, Saleem had a guideline range of 100 to 125 months.  Neither Saleem nor the government filed written objections to the PSI.

At the sentencing hearing, the district court determined that there were no objections to the PSI's guideline calculation.  The court then denied Saleem's request for a downward variance and sentenced him to 125-months imprisonment as to each count, to be served concurrently, followed by 5 years of supervised release.[1]

In November 2014, Saleem filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing

---

[1] The court's written judgment says that Saleem's 125-month total sentence consists of 125-months imprisonment as to Count Two and 120-months imprisonment as to Count Four, to be served concurrently with each other.  This apparent inconsistency with the court's sentencing-hearing statements does not affect Saleem's appeal.

Guidelines.  He argued that Amendment 782 applied to his base offense level for Count Two and requested that his sentence be reduced to 105 months.  The district court denied Saleem's § 3582(c)(2) motion in April 2015.  In its order, the court observed that Amendment 782 did not apply to Saleem's sentence because his guideline range was calculated based on Count Four (his firearm-possession conviction under 18 U.S.C. § 922(g)), and not on Count Two (his drug-possession conviction under 21 U.S.C. § 841(a)(1)).

A few days after the district court denied his pro se § 3582(c)(2) motion, Saleem filed a counseled § 3582(c)(2) motion.  He again argued that he was eligible for a sentence reduction based on Amendment 782, and requested that his sentence be reduced to 84 months.  Then, about eight months later, Saleem made the same argument in a pro se "Defendant's Renewed Motion for Reduction of Sentence."  The district court construed this as a motion to reconsider the denial of his original pro se § 3582(c)(2) motion.  It then denied both the motion for reconsideration and the counseled § 3582(c)(2) motion, explaining that Saleem's offense level was calculated under USSG § 2K2.1 for Count Four, and that Amendment 782 only applied to offense levels calculated under USSG § 2D1.1.

## II.

On appeal, Saleem argues that Amendment 782 made him eligible for a sentence reduction because his "base offense level pursuant to USSG [§] 2D1.1 of

22 would now be 20." We review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2). United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013). We review the denial of a motion to reconsider for an abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

A district court may not reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) unless: (1) the defendant's sentence was based on a guideline range that the Sentencing Commission later lowered; and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The Sentencing Commission can lower guideline ranges through amendments to the guidelines like Amendment 782. But if an amendment does not lower a particular defendant's "applicable guideline range," any sentence reduction for that defendant based on the amendment would not be consistent with one of the guidelines' policy statements. USSG § 1B1.10(a)(2)(B). Thus, a district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guideline amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).

The district court correctly denied Saleem's motions because Amendment 782 did not lower his sentencing guideline range. Amendment 782 provided a 2-

level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in § 2D1.1(c).  USSG App. C, amend. 782.  Amendment 782 therefore lowered the base offense level of Saleem's conviction under Count Two—a drug offense—from 26 to 24.  This gave him a new adjusted offense level of 26 for Count Two after a 2-level enhancement under § 2D1.1(b)(1).

However, Saleem's guideline range was a result of the adjusted offense level for Count Four, not Count Two.  This is because of the "grouping" rules in the Sentencing Guidelines.   Section 3D1.1 of the guidelines provides that when a defendant has been convicted of several counts, the sentencing court must group them into "Groups of Closely Related Counts."  Saleem's two counts were grouped together under § 3D1.2(c) because each count involved conduct that was a "specific offense characteristic" in the guideline applicable to the other count. That is, Count Four—possession of a firearm by a convicted felon—involved possession of a dangerous weapon, which was an applicable "specific offense characteristic" of Count Two under § 2D1.1(b)(1).  And Count Two—possession with intent to distribute cocaine—was a felony offense, which was an applicable "specific offense characteristic" of Count Four under § 2K2.1(b)(6) if the defendant possessed a firearm in connection with that felony.  When multiple counts are grouped together under § 3D1.2(c) like Counts Two and Four were here, the offense level for the group is the highest adjusted offense level of the counts in

6

the group.  USSG § 3D1.3(a).  In this case, the higher adjusted offense level belonged to Count Four, which had a level of 30 compared to Count Two's 28.  Thus, the district court properly used Count Four's adjusted offense level to calculate Saleem's guideline range.

Because of the grouping rules in the Sentencing Guidelines, Saleem's guideline range was calculated based on Count Four's adjusted offense level.  Amendment 782 impacted only Count Two's adjusted offense level, and therefore had no effect on Saleem's guideline range.  And because Amendment 782 had no effect on his guideline range, it did not make him eligible for a sentence reduction under § 3582(c)(2).  USSG § 1B1.10(a)(2)(B); see Moore, 541 F.3d at 1330.  Thus, the district court did not err by denying Saleem's § 3582(c)(2) motions.

**AFFIRMED.**