[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14834
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00041-DHB-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN LUTHER JONES,
a.k.a. Black Dog,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 7, 2017)

Before HULL, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jonathan Luther Jones, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. On appeal, in a *pro se* brief, Jones argues that the district court erred by determining that Amendment 782 did not apply to his sentence because the court's finding, that the guideline range was based upon Count 49 (the firearm offense) was factually inaccurate.  He argues that Amendment 782 is applicable to reduce his sentence, because he was sentenced to a 190-month term on Count 38 (the drug offense) and to only 120 months on Count 49.  We affirm the district court's decision.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*.  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that was later lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction, however, must be consistent with the Sentencing Commission's policy statements.  *Id.*  When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines.  *United States v. Bravo*, 203 F.3d 778, 780

2

(11th Cir. 2000).  When recalculating the guideline range, it can only substitute the amended guideline and must keep intact all other guideline decisions made during the original sentencing.  *Id.*  A defendant is not eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) does not lower the defendant's guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable Guidelines amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based.  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Section 5G1.2 of the Sentencing Guidelines provides that when a defendant is sentenced on multiple counts of conviction, "if the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently. . ." U.S.S.G. § 5G1.2(c).  Amendment 782 provides a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  *Id*. App. C, amend. 782.

The district court did not err by denying Jones's motion for a sentence reduction: Amendment 782 did not lower his guideline range.  Although the presentence investigation report ("PSI") calculated Jones's base offense level for Count 38 (the drug offense) under § 2D1.1, the grouping rules in §§ 3D1.2(c) and

3D1.3(a) were applied and required the district court to use the higher of Jones's adjusted offense levels; the higher was his adjusted offense level on Count 49 (the firearm offense) as the offense level for the grouped counts.  Therefore, the district court calculated his guideline range using his base offense level not under § 2D1.1, but under § 2K2.1.

Jones appears to attempt to argue that the district court had actually based his guideline range on Count 38 (the drug offense) because it imposed a higher 190-month sentence on Count 38 and only a 120-month sentence on Count 49 (the firearm offense).  Thus, he argues, his guideline range is affected by Amendment 782.  Jones's argument is based on a misunderstanding, however.  The district court explained in its denial of Jones's motion for reconsideration that it had imposed -- as directed by § 5G1.2 -- a 190-month sentence on Count 38 (the drug offense) to achieve a total punishment within the 188 to 235 month guideline range, which the court had calculated based on Count 49: Count 38 had the higher statutory maximum of the two counts.  U.S.S.G. § 5G1.2(c).  For Count 49, the court imposed a lesser 120-month sentence, the statutory maximum for that offense, to run concurrently, also in accordance with the Guidelines.  U.S.S.G. § 5G1.2(c).

Therefore, the court's imposition of a higher sentence on the drug offense than the firearm offense was a function of the drug offense's higher statutory

maximum and does not undermine that the guideline range was based on the firearm count.  Thus, Amendment 782 did not lower Jones's applicable guideline range because Amendment 782 did not change his base offense level under § 2K2.1.  *See Moore*, 541 F.3d at 1330; U.S.S.G. § 1B1.10(a)(2)(B).  Accordingly, the district court correctly concluded that Jones was ineligible for a sentence reduction based on Amendment 782 and we affirm.

**AFFIRMED.**