[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11824
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20650-MGC-15


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ANTWUN IVORY WILSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 18, 2018)

Before ED CARNES, Chief Judge, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

The government appeals the district court's grant of federal prisoner Antwun Wilson's motion under 18 U.S.C. § 3582(c)(2). Wilson's motion to reduce his sentence relied on Amendment 782 to the United States Sentencing Guidelines, which lowered the offense levels in the drug quantity table in § 2D1.1.

In July 2008 Wilson was charged with one count of conspiracy to possess with the intent to distribute cocaine, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. He pleaded guilty in November 2008. He received an initial base offense level of 20 under § 2D1.1 because he possessed 250 grams of cocaine. See United States Sentencing Guidelines § 2D1.1 (Nov. 2008). But he qualified as a career offender under § 4B1.1 because of his cocaine conviction and prior Florida convictions for trafficking in cocaine; possession with intent to sell cocaine near a school; and the sale, manufacture, or delivery of cocaine. See id. § 4B1.1 (providing that a defendant is a career offender if the "instant offense of conviction" is a controlled substance offense and he has "at least two prior felony convictions" for a controlled substance offense). Because he qualified as a career offender, the presentence investigation report calculated his base offense level as 32. That base offense level and his criminal history category of VI yielded a guidelines range of 210 to 240 months.

At the sentence hearing, the court applied a three-level reduction for acceptance of responsibility; the government did not object. That reduction

2

lowered Wilson's base offense level to 29 and his guidelines range to 151 to 188 months. The government and Wilson jointly recommended a sentence at the bottom of the guidelines range, so the court sentenced Wilson to 151 months incarceration. The court also ordered that his sentence run concurrently with a 188-month sentence he received in an earlier related case (No. 07-20628-Cohn).[1]

In October 2016, Wilson filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). He contended that Amendment 782 to the Sentencing Guidelines, which retroactively reduced the base offense levels for drug offenders, applied in his case. The government opposed the motion on the ground that Amendment 782 did not lower his guidelines range because his offense level was determined by the career offender guidelines provision, not the drug quantity table. Wilson, represented by counsel, filed a reply. He acknowledged that he was a career offender, but stated that the court had the authority to correct his sentence and that the court intended that he serve a lower sentence than the one he served in the earlier case.

The court granted Wilson's motion. It stated that it had reviewed "the record, Motion, related filings, relevant legal authorities, and factors listed under 18 U.S.C. § 3553(a)" and ordered that Wilson be resentenced to 120 months, to run

---

[1] The sentence in his earlier case was later lowered to 120 months after Wilson received post-conviction relief under 28 U.S.C. § 2255. Wilson has completed that sentence.

concurrently with his sentence in the earlier case.  The government filed a motion for reconsideration, which the court denied.  This is the government's appeal.

We review de novo the district court's conclusions about the scope of its legal authority under § 3582(c)(2).  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).  Section 3582(c)(2) provides that a court can modify a defendant's sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  A reduction is not authorized under § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  The government contends that Amendment 782, which governs the drug quantity table in § 2D1.1, does not authorize a reduction in this case because Wilson's guideline range was established under § 4B1.1.

The government is correct.  We have held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).  That is the situation here:  Amendment 782 reduced the base offense levels for drug quantities in § 2D1.1, but Wilson was sentenced as a career offender under § 4B1.1.  That means that Amendment 782 did not alter his guidelines range.  See United States v. Lawson, 686 F.3d 1317,

1321 (11th Cir. 2012) (denying a § 3582(c)(2) motion where the defendant was "initially assigned a base offense level under § 2D1.1," but his "total offense level and guideline range . . . were based on § 4B1.1 . . . because he was a career offender"). Wilson argues that we have not considered the situation where a district court intended to sentence a defendant to a sentence no greater than the one he faced in a related case. But Moore and Lawson are binding precedents, and he cites no decision from the Supreme Court or this Court sitting en banc overruling those precedents. See Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001) ("[Under the] prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court.").

The district court erred in reducing Wilson's sentence under § 3582(c)(2). As a result, we vacate the court's order reducing his custodial sentence and remand with instructions that it reinstate his original 151-month sentence of imprisonment.

**VACATED AND REMANDED.**