[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12936
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cr-10078-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUERGEN HEINZ WILLIAMS,
a.k.a. Jurgen H. Williams,
a.k.a. Juergen Heinz Werthmann,
a.k.a. Eric Williams,
a.k.a. Eric Scott Wallace,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 10, 2019)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Juergen Williams, proceeding pro se, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. The district court concluded that Williams was ineligible for a sentence reduction because, even if the court were to apply the Amendment 782 reduction, Williams' guideline range would still exceed the 20-year statutory maximum for Williams' offense of money laundering and therefore would have no effect on his current sentence. We affirm.

In 2009, a federal grand jury charged Williams in a superseding indictment with four drug-related offenses. Following a jury trial, Williams was found guilty on all four counts and was sentenced to life imprisonment.

On direct appeal, we concluded that the district erred in refusing to give a jury instruction Williams had requested, and reversed and remanded Williams' convictions and sentences.

On remand, the government filed a superseding information charging Williams with conspiring to launder proceeds derived from the importation of controlled substances in violation of 18 U.S.C. § 1956(h). Williams pled guilty pursuant to a written plea agreement. In the plea agreement, Williams (1) agreed to waive the defense that the statute of limitations barred his prosecution and (2)

2

admitted that his offense involved more than 600 kilograms of hashish oil, which would result in a base offense level of 38 under the 2009 Sentencing Guidelines. In a signed factual proffer, Williams also conceded that he laundered the proceeds from more than 600 kilograms of hashish oil.

In calculating Williams' guidelines range, the probation officer noted that, under U.S.S.G. § 2S1.1(a)(1), the base offense level for money laundering was determined using the base offense level for the underlying offense. Williams was responsible for importing 1,700 kilograms of marijuana and 600 kilograms of hashish oil, which, using the drug equivalency table in § 2D1.1, was the equivalent of 31,700 kilograms of marijuana. And under § 2D1.1(c)(1), the probation officer noted, the base offense level for an offense involving 30,000 kilograms or more of marijuana is 38. The probation officer increased the offense level by two levels because the offense was a violation of 18 U.S.C. § 1956(h). *See* U.S.S.G. § 2S1.1(b)(2)(B). Because Williams was an organizer and leader of the offense, the probation officer added a four-level increase. *Id.* § 3B1.1(a). The probation officer then reduced the offense level by three levels for acceptance of responsibility. *Id.* § 3E1.1. Williams' total offense level was 41, and he had a criminal history category of I.

With a total offense level of 41 and a criminal history category of I, Williams' guidelines range would have been 324 to 405 months. But the statutory

maximum sentence for Williams' offense of conviction was 20 years.  Because the bottom of the guidelines range exceeded the statutory maximum sentence, Williams' guideline range was set to 240 months.  *Id.* § 5G1.1(a) (noting how, when the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence).  The district court then sentenced Williams to 240 months.

In 2016, Williams filed a pro se motion to modify his sentence under 18 U.S.C. § 3582(c)(2), alleging that Amendment 782[1] applied retroactively and reduced his base offense level from 38 to 36.  He also raised arguments concerning the amount of drugs noted in his plea agreement, the statute of limitations, prosecutorial misconduct, the court's jurisdiction, and the effectiveness of his counsel.  The district court denied the motion.  Williams appealed.

"We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2)."  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013) (quotation omitted).  A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing

---

[1] Amendment 782 reduced by two levels some of the base offense levels in the Drug Quantity Tables at U.S.S.G. § 2D1.1, including the base offense level for an offense involving 30,000 kilograms or more of marijuana.

Commission's policy statements. *Id.* When the district court considers a § 3582(c)(2) motion, it must first recalculate the guidelines range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). When recalculating the guidelines range, the court can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing. *Id.*

A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers the guidelines range that was calculated by the sentencing court. U.S.S.G. § 1B1.10, comment. (n.1(A)). A reduction is not authorized when a retroactive sentencing guideline amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." *Id.*

A § 3582(c)(2) motion is not a de novo resentencing. *See Dillon v. United States*, 560 U.S. 817, 825 (2010). Under a § 3582(c)(2) motion, a district court lacks jurisdiction to modify a sentence on any grounds besides those listed in § 3582(c)(2). *Id.* at 825–28, 831.

The base offense level for money laundering is the base offense level of the offense from which the laundered funds were derived. U.S.S.G. § 2S1.1(a)(1). As

amended by Amendment 782, U.S.S.G. § 2D1.1(c) provides for a base offense level of 36 for possession of at least 30,000 but less than 90,000 kilograms of marijuana.  U.S.S.G. § 2D1.1(c)(2); U.S.S.G. App. C, amend. 782.  Before Amendment 782, possession of at least 30,000 kilograms of marijuana had a base offense level of 38.

The statutory maximum penalty for money laundering is 20 years.  18 U.S.C. § 1956(a)(3).  Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.  U.S.S.G. § 5G1.1(a).

The district court did not err in denying Williams' motion for a sentence reduction.  Although Amendment 782 would reduce Williams' total offense level from 41 to 39, the resulting guidelines range of 262–327 months would still exceed the statutory maximum sentence of 240 months.  Because retroactive application of Amendment 782 would not "have the effect of lowering [Williams'] applicable guideline," U.S.S.G. § 1B1.10, comment. (n.1(A)), the district court properly refused to apply the amendment.  Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] The district court also did not err in not expressly addressing Williams' arguments challenging his guilty plea and the validity of his conviction and sentence because the district court did not have jurisdiction to consider those issues in a § 3582(c)(2) motion. *Dillon*, 560 U.S. at 825–28.