[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13737
Non-Argument Calendar
_____

D.C. Docket No. 8:94-cr-00220-SCB-MAP-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE WAYNE HARRISON,
a.k.a. Hopper,
a.k.a. Grasshopper,
a.k.a. Loose Bruce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2020)

Before WILLIAM PRYOR, MARTIN and BRANCH, Circuit Judges.

PER CURIAM:

Bruce Wayne Harrison appeals *pro se* the denial of his second motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Harrison received a below-guidelines sentence of 592 months of imprisonment following his convictions for one count of conspiring to possess with intent to distribute cocaine, methamphetamine, and marijuana, 21 U.S.C. § 846, eight counts of possessing cocaine and marijuana with intent to distribute, *id.* § 841(a)(1), and two counts of using a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c). After the district court denied Harrison's first motion to reduce based on Amendments 599 and 759 to the Sentencing Guidelines, and we affirmed, *United States v. Harrison*, 741 F. App'x 765 (11th Cir. 2018), Harrison filed a second motion in which he argued that Amendment 759 was an ex post facto law. We affirm.

Harrison's argument that the application of Amendment 759, which made him ineligible for relief under Amendment 599, violates the Ex Post Facto Clause is barred by the law of the case. Under that doctrine, a party is barred from relitigating an issue that a court necessarily or by implication decided against him in an earlier appeal. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir.1996). Our earlier decision that Amendment 759 prevented the district court from further reducing the below-guidelines sentence that Harrison had received is the law of the

2

case. And that decision bars Harrison's argument that Amendment 759 operates as an ex post facto law. Harrison does not argue that an exception to the law of the case doctrine applies to him, which is unsurprising because his ex post facto argument is foreclosed by *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013).

We **AFFIRM** the denial of Harrison's second motion to reduce.