[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10266
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20345-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BUD PRATT WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 13, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Bud Williams, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendments 742 and 782 to the Sentencing Guidelines. After review,[1] we affirm the district court.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.*

Amendment 742 was not given retroactive effect. U.S.S.G. § 1B1.10(d). Williams therefore cannot receive relief under § 3582(c)(2) based on this amendment.

Amendment 782 did not lower Williams' guideline range. Williams' total offense level, criminal history category, and guideline range were determined by the career-offender guideline. *See United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012) (stating when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guideline range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1). Because an amendment to the drug quantities listed in § 2D1.1 does not affect a career offender's guideline

---

[1] We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*. *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

2

range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline. *Id.* (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines). Although Williams argues the district court erred by applying the career-offender guideline—and although the district court itself noted in a § 2255 order that this may have been an error[2]—the district court lacked the authority to revisit that decision in considering his § 3582 motion. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (explaining a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation). Applying the new guidelines while keeping the original sentencing decisions in place, as required by § 3582(c)(2), results in the same guideline range, regardless of any effect the amendments may have on his offense level or criminal history category. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) (explaining when recalculating the guideline range, the district court can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing). Therefore, the

---

[2] Williams filed a § 2255 motion to vacate, arguing in part he received ineffective assistance of counsel due to his counsel's failure to challenge his career offender enhancement. The district court stated that "Williams is correct that he was not a career offender," but denied the motion because Williams was not prejudiced by the enhancement. The district court explained that without the enhancement, Williams' guideline range would have been 188 to 235 months' imprisonment, and his actual sentence was within that range. Williams appealed the denial of his § 2255 motion to this Court, which is currently pending.

court did not err in concluding Williams was ineligible for a sentence reduction based on Amendment 782 or Amendment 742.

**AFFIRMED.**