[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15357
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20264-JLK-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANTZ STERLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 5, 2016)

Before MARTIN, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Franz Sterlin, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2)

and Amendment 782 to the sentencing guidelines.  After Sterlin was convicted on four counts of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), the sentencing court found that he was a career offender, pursuant to U.S.S.G. § 4B1.1.  Thus, his total offense level was 37 and his guideline range was 360 months to life imprisonment.  The district court varied downward from the guideline range and sentenced Sterlin to 192 months' imprisonment.  Sterlin now argues that because the district court did not sentence him within the career-offender guideline range, he is therefore entitled to a reduced sentence under Amendment 782.  He requests a reduction of his sentence equivalent to a two-point reduction in his offense level.  He argues that the district court did not declare that he was a career offender, and now the court may not do so.

## I.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo.  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).  A district court may modify a defendant's term of imprisonment if the court sentenced the defendant based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines.  *United States v.*

2

*Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  When recalculating the guideline range, the district court can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing.  *Id.*  A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers the guideline range that the sentencing court calculated prior to any departure or variance.  U.S.S.G. § 1B1.10, comment. (n. 1(A)).

Amendment 782 provides a 2-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c) and is listed under § 1B1.10(d).  U.S.S.G. App. C, amend. 782.  Even so, a district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based.  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).  Specifically, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guideline range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1.  *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012).  Because an amendment to § 2D1.1 does not affect a career offender's guideline range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to

that guideline.  *Id.* (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines).

## II.

We conclude from the record that the district court did not err in determining that Sterlin was ineligible for a sentence reduction because Amendment 782 did not lower his applicable guideline range.  Amendment 782 did not affect Sterlin's guideline range because the district court determined his total offense level and guideline range under the career-offender guideline in § 4B1.1, not § 2D1.1. Although Sterlin argues that he was not sentenced as a career offender, the district court accepted the PSI's career-offender determination and its guideline range before granting Sterlin a downward variance.  Therefore, because the district court correctly concluded that Sterlin was ineligible for a sentence reduction based on Amendment 782, we affirm its order denying Sterlin's motion.

**AFFIRMED.**