[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15204
Non-Argument Calendar

_____

D.C. Docket No. 2:95-cr-00129-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE CLAY MEANS,
a.k.a. Big Man,
a.k.a. Uncle Bob,
a.k.a. B-man,
a.k.a. Clay Bird,
a.k.a. C-Man, a.k.a. Clay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 25, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Clay Means, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). In 2011, Means filed his pro se motion to reduce sentence, pursuant to § 3582(c)(2), arguing that Amendment 750 to the Sentencing Guidelines lowered his total offense level. The district court denied Means's motion because he was serving a statutory mandatory minimum sentence of life, a life sentence was the guideline term under both the original and amended Guidelines, and Amendment 750 thus could not lower his guideline range. Means appealed that decision, but then voluntarily dismissed the appeal. In 2015, Means filed the present pro se motion to reduce sentence, pursuant to § 3582(c)(2), this time arguing that Amendments 750 and 782 lowered his total offense level. The district court again denied his motion, and Means has appealed, arguing only that Amendment 750 has lowered his base offense level from 38 to 36. After thorough review, we affirm.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo. United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013). While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Thus, because Means does not reference Amendment 782 in his appellate brief, he has abandoned any argument concerning that amendment. See id.

2

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. Id. When the district court considers a § 3582(c)(2) motion, it must apply a two-part approach: (1) it must recalculate the guideline range under the amended guidelines; and (2) it must decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). When recalculating the guideline range, it can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing. Id. A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guideline range that was calculated by the sentencing court. U.S.S.G. § 1B1.10, comment. (n. 1(A)). A reduction is not authorized when a statutory provision, like a mandatory minimum sentence, causes an applicable amendment not to lower the guideline range. Id.

A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guideline range upon which his sentence was based. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008).

3

Specifically, when a defendant's crime has a mandatory minimum sentence that exceeds the guideline range calculated from his total offense level and criminal history category, the defendant's guideline range is based on the mandatory minimum sentence. United States v. Mills, 613 F.3d 1070, 1077-78 (11th Cir. 2010). A mandatory minimum sentence becomes the low end of the defendant's guideline range where the defendant has a mandatory minimum sentence that is longer than the low end of the guideline range but shorter than the high end of the guideline range. See U.S.S.G. § 5G1.1, comment. (discussing the modified guideline range where the statutory maximum sentence is within the otherwise-applicable guideline range).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable by Amendment 759, made permanent an amendment revising the crack cocaine quantity tables listed in § 2D1.1(c). See U.S.S.G. App. C, Amend. 750, Reason for Amend. (noting that Amendment 750 re-promulgated without change the temporary, emergency amendment that directed the Commission to implement the directive in section 8 of the Fair Sentencing Act); U.S.S.G. App. C, Amend. 748, Reason for Amend. (noting that Amendment 748 implemented the directive in section 8 of the Fair Sentencing Act); U.S.S.G. App. C, Amend. 759 (adding parts A and C of Amendment 750 to U.S.S.G. § 1B1.10(c)). Amendment 782 provided

4

a 2-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, amend. 782.

Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case.  United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).  Parties are deemed to have waived the right to challenge lower court rulings made in the same proceedings that were unchallenged on appeal when the opportunity existed.  Id.  There are three exceptions to the law-of-the-case doctrine, including where: (1) the evidence in a subsequent trial was substantially different; (2) controlling authority has since made a contrary decision of the law applicable to such issues; and (3) the decision was clearly erroneous and would work a manifest injustice.  Id. at 1561.

In this case, the district court did not err by denying Means's motion for a sentence reduction.[1]  As the government correctly argues, Means's claim under Amendment 750 is barred by the law-of-the-case doctrine because it was raised in a prior § 3582(c)(2) motion that the district court denied, and, then, Means

---

[1]    As an initial matter, a district court has jurisdiction to consider a second or successive § 3582(c)(2) motion based on an amendment a defendant raised in a previous motion because § 3582(c)(2) contains no express language limiting a court's jurisdiction to consider successive motions based on the same amendment.  United States v. Anderson, 772 F.3d 662, 667 (11th Cir. 2014).  Moreover, although we held in United States v. Phillips, 597 F.3d 1190, 1199-1201 (11th Cir. 2010), that the jurisdictional time limit in Fed. R. Crim. P. 35(a) applies to sentences imposed in a § 3582(c)(2) proceeding, we've also explained that where the first § 3582(c)(2) motion was denied on a procedural ground, such as a finding that the amendment did not lower the defendant's guideline range, the Phillips rule does not apply.  See Anderson, 772 F.3d at 667-68.  Thus, the district court had jurisdiction to consider Means's motion for a sentence reduction based on Amendment 750 because the district court denied his first 18 U.S.C. § 3582(c)(2) motion on a procedural ground -- that is, that Amendment 750 did not lower his guideline range.

5

voluntarily dismissed his appeal.  Moreover, none of the three exceptions to the doctrine apply here.  See Escobar-Urrego, 110 F.3d at 1560.  Thus, Means has waived his right to raise a claim under Amendment 750 because he had an opportunity to challenge the district court's ruling on appeal but failed to do so.  Id.

But even if Means could raise a claim under either Amendment 750 or 782, the district court was not authorized to reduce his sentence.  As the record shows, his five mandatory minimum sentences of life controlled his guideline range, so any amendments to the Guidelines would not lower his guideline range.  See U.S.S.G. § 1B1.10, comment. (n. 1(A)); Mills, 613 F.3d at 1077-78.  Accordingly, the district court did not err in holding that Means was ineligible for a sentence reduction based on either Amendment 750 or Amendment 782.

**AFFIRMED**.