[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14838
Non-Argument Calendar
_____

D.C. Docket No. 6:07-cr-00201-GAP-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO CANO,
a.k.a. Alejandro Cano-Sanchez,

Defendant-Appellant.


_____

No. 15-14841
Non-Argument Calendar
_____

D.C. Docket No.  6:10-cr-00003-MSS-DAB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDENILSON A. HERNANDEZ,
a.k.a. Edenilson A. Hernandez-Rendero,

Defendant-Appellant.

_____

No. 15-14925
Non-Argument Calendar
_____

D.C. Docket No.  8:07-cr-00074-JDW-MAP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN T. BAXTER,

Defendant-Appellant.

_____

No. 15-15382
Non-Argument Calendar
_____

D.C. Docket No.  2:04-cr-00016-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO GARCIA,
a.k.a. Limon,

Defendant-Appellant.

_____

No. 15-15407
Non-Argument Calendar
_____

D.C. Docket No.  8:11-cr-00119-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERSAIN PENALOZA-BENITEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(February 15, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

3

In this consolidated appeal, Defendants Alejandro Cano, Edenilson Hernandez, Sean Baxter, Ernesto Garcia, and Jersain Penaloza-Benitez appeal separate district court decisions denying and partially denying their motions for a sentence reduction under 18 U.S.C. § 3582(c)(2). Defendants' motions relied on Amendment 782 of the Sentencing Guidelines, which reduced the base offense level for most drug offenses. Defendants also requested a downward variance comparable to the one they received at their original sentencings. The district courts denied and partially denied Defendants' motions, concluding that a district court may not reduce a defendant's sentence below the low end of the amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(2)(A). After careful review, we affirm.

## I.    BACKGROUND

Defendants were separately convicted of various unrelated drug offenses. The probation officer prepared a presentence investigation report in each case, utilizing U.S.S.G. § 2D1.1 to calculate each defendant's base offense level. In four of the cases, the district courts sentenced the defendants below their applicable guideline ranges as a result of a downward variance. These variances were not related to substantial assistance. In one of the cases, the district court departed

4

from a criminal history category of III to II, and then sentenced the defendant within the amended guideline range.[1]

Following issuance of Amendment 782—made retroactive by Amendment 788—each defendant filed a motion requesting a sentence reduction under § 3582(c)(2).  In particular, each defendant requested a sentence below their amended guideline range under Amendment 782.  Recognizing that binding precedent precluded the district courts from varying below the minimum of the amended guideline range, Defendants still requested a variance comparable to the one imposed at their original sentencings.

In the cases of Cano and Hernandez, the district courts denied their § 3582(c)(2) motions, concluding that a sentence reduction was not permitted under § 1B1.10(b)(2)(A) because their original sentences were either equal to or below the minimum of their amended guideline ranges.  As to Baxter, Garcia, and Penaloza-Benitez, the district courts partially denied their motions.  The district

---

[1] To illustrate, Cano's guideline range was 140 to 175 months' imprisonment, but the district court varied downward to 130 months' imprisonment.  As to Hernandez, the district court calculated a guideline range of 135 to 168 months' imprisonment, but imposed a 97-month sentence based on the 18 U.S.C. § 3553(a) factors.  As to Baxter, the district court imposed a 180-month sentence, which reflected a downward variance from the guideline range of 210 to 262 months' imprisonment.  Likewise, Penaloza-Benitez also received a downward variance to 120 months' imprisonment from a guideline range of 135 to 168 months' imprisonment.  Unlike the other defendants, the district court sentenced Garcia within the applicable guideline range.  To be clear, the district court departed from a criminal history category of III to a category II after determining that Garcia's criminal history was overrepresented, but then imposed a sentence of 328 months—which was within the amended guideline range of 324 to 405 months' imprisonment.

courts reduced their sentences to the minimum of the amended guideline range, as this was less than their original term of imprisonment, but did not grant these defendants' requests for a sentence below the low end of the amended guideline ranges.

Following Defendants' timely appeals of the denials of their § 3582(c)(2) motions, we granted their motions to consolidate their appeals.

## II.    DISCUSSION

### A.    General Principles

We review *de novo* a district court's legal conclusions on the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

To be eligible for a sentence reduction, a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). A district court may not use a guideline amendment to reduce a defendant's sentence unless the amendment actually lowers the defendant's applicable guideline range. *Id.* § 1B1.10(a)(2)(B); *id.* § 1B1.10, comment. (n.1(A)).

6

**B.    Analysis**

Defendants' appeal focuses on the district courts' application of § 1B1.10(b)(2), as amended by Amendment 759, to deny their requests for a sentence below the minimum of the amended guideline range.[2]

Prior to 2011, § 1B1.10 permitted the district court to reduce a defendant's sentence below the amended guideline range under certain circumstances. U.S.S.G. § 1B1.10(b)(2)(B) (2010). However, the provision provided that if the defendant had received a sentence below the guidelines as a result of a variance, a further reduction would not be appropriate. *Id.* In 2011, the Sentencing Commission issued Amendment 759, which, among other things, amended § 1B1.10 to prohibit courts from resentencing a defendant to a term below the amended guideline range, except in cases of substantial assistance. U.S.S.G. App. C, amend. 759; U.S.S.G. § 1B1.10(b)(2)(A)-(B). The Guidelines' commentary explains that the court may not impose a sentence below the amended guideline range even if the defendant received a departure or variance at his original sentencing. U.S.S.G. § 1B1.10, comment. (n.3).

Defendants argue that § 1B1.10(b)(2), as amended by Amendment 759, violates the Ex Post Facto Clause, exceeds the Sentencing Commission's authority under 28 U.S.C. § 994(u), and violates the separation of powers doctrine. The

---

[2] As noted earlier, Garcia did not receive a variance; he received a downward departure as to his criminal history category and then received a sentence within the guideline range.

7

problem for Defendants is that these arguments are foreclosed by our decision in *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013).  In *Colon*, we held that the application of § 1B1.10(b)(2), post-Amendment 759, did not violate the Ex Post Facto Clause or the separation of powers doctrine, nor did the Sentencing Commission exceed its authority under § 994(u) by amending § 1B1.10(b)(2).  *See Colon*, 707 F.3d at 1258–62.  Under the prior precedent rule, we are bound by our decision in *Colon* "unless and until it is overruled by this court en banc or by the Supreme Court."  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)).

Defendants further assert that our decision in *Colon* has been undermined by the Supreme Court's subsequent decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013).  In *Peugh*, the Supreme Court held that a defendant's rights under the Ex Post Facto Clause are violated when he is sentenced under a more recent version of the guidelines that provide for a harsher sentence than the guidelines applicable at the time he committed the offense.  133 S. Ct. at 2079, 2088.  However, *Peugh* does not overrule or conflict with our decision in *Colon*, as *Colon* addressed whether the application of a Guidelines' amendment that limited the district court's discretion to reduce a defendant's sentence under § 3582(c)(2) violated the Ex Post Facto Clause.  *See Colon*, 707 F.3d at 1258–62.  Therefore, *Colon* remains binding precedent.  *See Vega-Castillo*, 540 F.3d at 1236.

8

We are also not persuaded by Defendants' argument that the post-Amendment version of § 1B1.10(b)(2) conflicts with Congress's statutory directive to avoid unwarranted sentencing disparities.  In fact, the Sentencing Commission explained that Amendment 759, which eliminated the distinction between departures and variances for purposes of the exception to § 1B1.10(b)(2), furthered the "need to avoid unwarranted sentencing disparities and avoids [the need for] litigation in individual cases."  U.S.S.G. App. C, amend. 759 (Reasons for Amendment).

In short, the district court properly applied § 1B1.10(b)(2) in concluding that Defendants were not entitled to a sentence reduction below the minimum of their amended guideline ranges.  Accordingly, the district courts' denials and partial denials of Defendants' § 3582(c)(2) motions are **AFFIRMED**.

9