[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-11235

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER TAVORRIS WILKINS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cr-80032-RKA-1

————————————————

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Christopher Wilkins, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He asserts that the denial was in error because he was eligible for relief under Amendment 821 to the U.S. Sentencing Guidelines. He also raises various constitutional challenges and other challenges to the calculation of his guideline range and the imposition of his sentence. After careful review, we affirm the denial of his § 3582(c)(2) motion.

## I.

After a trial in 2019, a federal jury found Wilkins guilty of two counts of witness tampering, in violation of 18 U.S.C. § 1512(b), and two counts of unlawful possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g).[1] The jury acquitted Wilkins of four other counts, including possession of a firearm in furtherance of a drug-trafficking crime, conspiracy to possess with intent to distribute cocaine, and another § 922(g)(1) count. In

---

[1] After the verdict was announced, Wilkins threw a chair at one of the prosecutors and threatened to kill him. *See United States v. Wilkins*, No. 20-14798, 2022 WL 98748, at *1 (11th Cir. Jan. 10, 2022). For this post-verdict outburst, Wilkins was charged with assaulting an Assistant U.S. Attorney and with threatening to assault and murder an Assistant U.S. Attorney. A jury found Wilkins guilty at trial, and the district court sentenced him to a consecutive term of 80 months in prison. *Id.* at *7.

December 2020, the district court sentenced Wilkins to 210 months of imprisonment.

We affirmed Wilkins's conviction and sentence on direct appeal. *United States v. Wilkins*, No. 20-14798, 2022 WL 98748 (11th Cir. 2022). In relevant part, we upheld the district court's application of guideline sentencing enhancements for threatening to cause physical injury, U.S.S.G. § 2J1.2(b)(1)(B), substantially interfering with the administration of justice, § 2J1.2(b)(2), engaging in criminal activity that was "otherwise extensive in scope, planning, or preparation," § 2J1.2(b)(3), and having an under-represented criminal history, § 4A1.3.[2] *Id.* at *6–7. On the last point, we noted that Wilkins had 21 criminal-history points, well above the 13-point threshold for the highest criminal-history category of VI. *Id.* at *7. Finally, we upheld the court's alternative decision to impose a 210-month sentence as an upward variance. *Id.* at *8.

---

[2] Our earlier opinion reflects some confusion in the record—noted by Wilkins both in the district court and on appeal—about the enhancement under U.S.S.G. § 4A1.3 and the resulting total offense level. At sentencing, both the government and the district court described the § 4A1.3 increase as two levels, which we repeated in the opinion. The government and the district court also referred to the guideline range as being between 210 and 262 months after application of the § 4A1.3 increase, which we also noted in the opinion, although that range corresponds to an increase of five levels instead of two. Wilkins did not identify any issue in this respect in his earlier appeal. And the record shows that, near the end of the sentencing hearing, the district court clarified its findings, stating that it had sentenced Wilkins based on a total offense level of 30 and a resulting guideline range of 168 to 210 months, which reflects a three-level increase under § 4A1.3. In any case, these matters are outside the scope of § 3582(c)(2).

Wilkins then filed a motion to vacate his sentence under 28 U.S.C. § 2255.  The district court dismissed some of the claims as procedurally defaulted, denied the remaining claims on the merits, and denied a certificate of appealability ("COA").  This Court likewise denied a COA.

When Wilkins was sentenced in March 2022, the rules governing the scoring of a defendant's criminal history called for adding two criminal-history points if the defendant committed the instant offense while under a criminal-justice sentence, including probation or supervised release.  *See* U.S.S.G. § 4A1.1(d) (2018).  That provision was amended when Amendment 821 went into effect in November 2023.  *See* U.S.S.G. App. C, Amend. 821, pt. A.  To limit the impact of criminal-history "status points" on a defendant's sentence, the amendments add only one point "if the defendant (1) receives 7 or more points under § 4A1.1(a) through (d), and (2) committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence."  *Id.* § 4A1.1(e) (2023). The Sentencing Commission made this amendment retroactive. *Id.* § 1B1.10(d).  The other retroactive part of Amendment 821 relates to "zero-point offenders" and does not apply here.  *See* U.S.S.G. App. C, Amend. 821, pt. B.

Following these events, in March 2024, Wilkins filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Wilkins argued that Amendment 821 retroactively lowered his criminal-history points and rendered invalid the court's application of the § 4A1.3 increase.  Thus, in Wilkins's view, Amendment 821 had

the effect of lowering his offense level, criminal-history category, and resulting guideline range. Wilkins also contended that the court made other errors at sentencing, including sentencing him under the wrong offense level, counting other prior convictions, double counting certain conduct, and improperly relying on his juvenile criminal history.

The district court denied the § 3582(c)(2) motion. The court found that Amendment 821 had no effect on Wilkins's guideline range. The court explained that, under Amendment 821, Wilkins would have received one point, rather than two points, for committing the instant offense while under sentence for another offense. But that change, the court stated, was "ultimately a distinction without a difference," since Wilkins would still qualify for criminal-history category VI with 20 criminal-history points. The court also found that Wilkins's other arguments, including his challenge to the § 4A1.3 increase, were not based on changes made by Amendment 821, but instead were general sentencing arguments that were not cognizable under § 3582(c)(2). Wilkins appeals.

## II.

We review *de novo* the district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). If § 3582(c)(2) authorizes a sentence reduction, we review the court's decision to grant or deny a sentence reduction only for an abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

Section 3582(c)(2) permits the district court to reduce a defendant's sentence when his guideline range "has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

According to the applicable policy statement, U.S.S.G. § 1B1.10, a reduction is not authorized unless a retroactive amendment listed in § 1B1.10(d) has the effect of lowering the defendant's guideline range. U.S.S.G. § 1B1.10(a)(2)(B). In resolving a motion under § 3582(c)(2), the court must determine the "amended guideline range that would have been applicable to the defendant if the [retroactive amendment] had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). In doing so, the court must substitute only the amended provisions and "shall leave all other guideline application decisions unaffected." *Id.*; *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("In determining the amended guidelines range, the district court may not reconsider other guideline application decisions and must leave all of its previous factual decisions intact.") (quotation marks omitted).

Proceedings under § 3582(c)(2) have an extremely narrow scope, limited to the adjustment of an otherwise final sentence, and the statute "does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825–27 (2010). Thus, any aspects of a defendant's case that are not affected by the underlying guideline amendment are outside the scope of a § 3582(c)(2) proceeding. *See id.* at 827, 831. Accordingly, a district court

properly declines to address issues outside that limited scope. *Id.* at 831. Moreover, constitutional challenges to a sentence are the sort of extraneous issues that are not cognizable under § 3582(c)(2) and must be pursued through a 28 U.S.C. § 2255 collateral attack. *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000).

Here, the district court did not err in denying Wilkins's motion for a sentence reduction under § 3582(c)(2). No reduction was authorized because Amendment 821 did not have the effect of reducing Wilkins's guideline range. *See* 18 U.S.C. § 3582(c)(2). As the court explained, if Wilkins were sentenced today under Amendment 821, he would receive one status point, not two, for committing the instant offense while under a criminal sentence. *See* U.S.S.G. § 4A1.1(e). But he would still have 20 criminal-history points untouched by Amendment 821, well above the 13 points required to qualify for criminal-history category VI. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Thus, while Amendment 821 had a minor effect on Wilkins's criminal-history points, that change had no corresponding effect on Wilkins's guideline range. *See* U.S.S.G. § 1B1.10 (b)(1); *cf. United States v. Moore*, 541 F.3d 1323, 1327–28 (11th Cir. 2008) (holding that no reduction was authorized where "the range upon which [the defendant's] sentence was based [was] unaffected by the change in her base offense level"). Accordingly, the court properly denied Wilkins's § 3582(c)(2) motion.

Wilkins's remaining arguments fall outside the limited scope of a § 3582(c)(2) proceeding. He claims that the district court made numerous other errors in scoring and applying his criminal history,

but we see nothing in Amendment 821 that affects either the scoring of his criminal-history points more broadly or the court's application of § 4A1.3. *See generally* U.S.S.G. App. C, Amend. 821. As a result, we must leave those "other guideline application decisions unaffected" when evaluating Wilkins's eligibility for relief under § 3582(c)(2). U.S.S.G. § 1B1.10 (b)(1). And Wilkins does not identify any other retroactive amendment that could support his motion.[3] Thus, the court properly declined to consider Wilkins's other challenges to his guideline range, or to his sentence more generally, that did not arise from Amendment 821. *See Dillon*, 560 U.S. at 825–27; *Bravo*, 203 F.3d at 782. Even assuming Wilkins could establish error at his original sentencing, § 3582(c)(2) does not authorize a general "resentencing proceeding." *Dillon*, 560 U.S. at 825–27.

Because Wilkins has not shown that Amendment 821 had the effect of lowering the guideline range on which his sentence was based, the district court did not err in denying his motion for a sentence reduction under § 3582(c)(2).

---

[3] Wilkins also cites Amendment 782 and the First Step Act of 2018, but both sources were in effect at the time of Wilkins's sentencing in December 2020, so they have no retroactive effect in this case. In his reply brief, Wilkins notes recent guideline amendments that limit the use of acquitted conduct at sentencing. *See* U.S.S.G. App. C., Amend. 826. But we do not consider issues raised for the first time in a reply brief, and it does not appear those amendments have been made retroactive, in any case. *See United States v. Britt*, 437 F.3d 1103, 1104–05 (11th Cir.2006) (declining "to consider issues raised for the first time in an appellant's reply brief"); U.S.S.G. § 1B1.10(d).

**AFFIRMED.**